UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAH'S KNIGHTS AND DAMES COMMUNITY DEVELOPMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHIAE WILDER, *et al.*,<br><br>Defendants. | Cause No. C21-0325RSL<br><br>ORDER REQUIRING A MORE DEFINITE STATEMENT |

On March 11, 2021, the application to proceed *in forma pauperis* submitted on behalf of Yah's Knights and Dames Community Development was granted and the complaint and request for injunction was accepted for filing. The complaint identifies six individuals, up to four entities, four animals (living and dead), and two things (a garden and a burial ground) as plaintiffs. Dkt. # 5 at 1, 3, and 30-35. The complaint lists more than thirty defendants including buildings (the Maleng Regional Justice Center, King County Courthouse), non-specific offices and departments (King County Administration, United States Headquarters), corporate entities (C T Corporation System, Envision Law Firm), government agencies (Washington State Department of Social and Health Services, *etc.*), and various individuals. Dkt. # 5 at 4-10. Plaintiff asserts claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and the First Amendment.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

In lieu of a "Statement of Claim" as required by the form complaint, plaintiff incorporates attachments, many of which were also attached to the complaints and summarized in two other lawsuits recently filed by Abryel Wilder at C21-0206RSL and C21-0324RSL. Dkt. # 5 at 25 and Dkt. # 5-4 at 1-58. The new documents suggest that plaintiff Yah's Knights and Dames Community Development is a non-profit corporation registered in the State of Washington for the purposes of community development, that plaintiff Yz Ra El, LLC, is a limited liability company formed in the State of Washington, and that plaintiff Abryel Wilder has been a minister in the Universal Life Church since August 2020. Dkt. # 5-4 at 65-82. The only assertions that may be relevant to a RLUIPA claim are as follows:

> Chiae Wilder paid for my ministry. Chiae and Chong Wilder know this House is unique as well as the Homeowners Association knows and accepts it. Yah's Knights and Dames Community Development is also M.O.E. and M.O.E.T Yah's Knights and Dames Community Development, YZRAEL LLC., Tribal Practice and Burial, Burial ground and a Tribal Practice Gardens.

Dkt. # 5 at 27.

The basis for plaintiff's claim for injunctive relief and the nature of the other relief requested is even less clear, relying almost entirely on the attached narratives describing past wrongs and injuries and a list of claims, unsupported by any factual allegations. Dkt. # 5 at 25-29.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. The vast majority of the named defendants are identified only in lists, with no mention in the body of the complaint or in the attached letters and narratives. These defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a § 1983 claim, the criminal act of providing or obtaining forced labor, or a violation of RCW 42.92, *et seq*. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to most of the named defendants.

2. With regards to defendants who are mentioned in the complaint and the attached narratives attached, it is virtually impossible to discern any set of facts which could give rise to liability under RLUIPA or the First Amendment.

3. To the extent plaintiffs' First Amendment claim is brought under 42 U.S.C. § 1983 against Chiae Wilder, Chong Wilder, Envision Law Firm, CASA and its advocates, and the other

individuals and private corporations/associations identified in the attachments, she has not alleged state action in support such a claim.

      4. To the extent plaintiff is asserting claims against a judicial officer, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results."). Thus, any claim against a judicial officer for his or her custody or protective order determinations is barred.

      5. Finally, the complaint was signed by Abryel Wilder (and possibly one other person) on behalf of all of the named plaintiffs, including animals and inanimate objects. Dkt. # 5 at 30-35. There is no indication that either signer is an attorney or otherwise able to represent the other named plaintiffs in this matter.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, it is not apparent from the papers submitted. Plaintiff is hereby ORDERED to file on or before April 13, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights under RLUIPA and/or the First Amendment. The key to filing an acceptable amended complaint will be providing enough facts about the conduct of each defendant that he, she, or it has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, April 16, 2021.

Dated this 15th day of March, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 5