UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YAH'S KNIGHTS AND DAMES COMMUNITY
DEVELOPMENT, et al.,
*Plaintiff list the same
Plaintiff,

vs.

CHIAE WILDER et al,
*Defendant list same

Defendant

Case No.: 2:21-cv-00325-RSL

RESPONSE TO ORDER FOR MORE DEFINITE
STATEMENT

RECEIVED (DROP BOX)

APR 0 1 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

Affidavit and Statement of definite

COMES NOW Plaintiff(s) by Pro Se and alleges and claims as follows:

## I.   PARTIES

Plaintiffs reside in Federal way, King County and recent employed in Tacoma, Pierce County, Washington. Plaintiff is an ordained minister, the owner of a non-profit organization, Yah's Knights and Dames Community Development.

Yah's Knights and Dames Community Development is registered with the Secretary of State; UBI 604 523 163, location of the non-profit organization is 32328 7th Ave SW, Federal way, Washington 98023.

Plaintiff is also the owner of YZ RA EL, LLC. is registered with the Secretary of State; UBI 604 709 361, location of the LLC is 32328 7th Ave SW, Federal way, Washington 98023.

Defendants is a government entity for the State of Washington and had employed plaintiff in Tacoma, Pierce County, Washington.

Chiae Wilder is a Washington state employee, employed at Green River College, 12401 SE 320TH St, Auburn, Washington 98092.

Aimee Sutton is owner and registered Agent of C&S Development, LLC. registered with the Secretary of State; UBI 604 362 499, location of business, 4730 University way NE Ste-104 #2053, Seattle, Washington 98105. The nature of business of C&S Development, LLC. is any lawful purpose.

Mark Gouras is owner and registered Agent of Gouras & Amis P.P.L.C. registered with the Secretary of State, UBI 602 636 112, location of business, 20415 72nd Ave S Ste 420, Kent, Washington 98032-2437. The nature of business of Gouras & Amis P.P.L.C is professional, scientific & technical services.

Mark Gouras and Mark Hillman registered Agents of Hillman & Gouras LLP, register with the Secretary of State, UBI 601 808 095, location of business, 16000 Christensen Rd. Ste 308. Tukwila, Washington 98188 (agents state 98023). The nature of business of Hillman & Gouras LLP is law practice.

Sharon RHarvey registered Agent of The Washington State District and Municipal Court Judges' Association, UBI 601 839 119, location of business, 1112 Quince St SE BLDG 1, Olympia, WA, 98504, United

1

States. The nature of business of The Washington State District and Municipal Court Judges' Association is professional association and judicial non-profit professional association.

Mark Hillman (possible) registered Agent of Jefferson search and rescue, UBI 601 791 499, location of business, 930 Logan St, Port Townsend, Washington 98368. The nature of business of Jefferson search and rescue is charitable, voluntary search and rescue services for Jefferson County.

Diedre McCormack Martin registered Agent of business 2019 dissolved business Pivotal Philanthropy, LLC., UBI 604 113 595, location of business 3738 SW 97th St, Seattle, Washington 98126, The nature of business of Pivotal Philanthropy is professional, scientific & technical services.

Diedre McCormack Martin registered Agent of business Family Law CASA of King County, UBI 602 222 371, location of business, 810 3rd Ave #700, Seattle, Washington 98104.

Chong Wilder, Mother of Chiae Wilder 10913 103rd Ave Ct SW, Lakewood WA 98498

*Respondents will remain the same
*Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.

*Claimant reserves the right to amend complaint at any point or at request of court.

## II.   JURISDICTION AND VENUE

Jurisdiction and venue are appropriate in 42 U.S.C. Sec. 1981,

(RLUIPA), 42 U.S.C. §§ 2000cc, et seq,

First Amendment,

Fourteenth Amendment.

Fifth Amendment.

Eleventh Amendment

Title 18, U.S.C., section 241, Conspiracy against rights,

Title 18, U.S.C., section 242- Deprivation of rights under color of law,

Title 18, U.S.C., section 245- Federally protected activities,

Title 18, U.S.C., section 248- Freedom of access to clinic entrances (face) act,

Title 42, U.S.C.., section 3631- criminal interference with right to fair housing,

Title 42, U.S.C., section 14141- pattern and practice,

28 U.S.C., code 509b- section to enforce human rights laws.

22 U.S.C. 2304-human rights and security assistance,

2

1   9-142.000,

2   18 U.S.C. 1425,

3   18 U.S.C. 1546,

4   18 U.S.C..§1589. Forced labor.

5   3.764.   VIOLENCE AGAINST WOMEN ACT ("VAWA")

6   18 U.S. Code Section 2261- Interstate domestic violence

7   18 U.S. CODE CHAPTER 110A

8   DV 3.015, ORDER OF PROTECTION

9   18 U.S.C. section 201

10  18 U.S.C. section 285

11  18 U.S.C. section 641

12  18 U.S.C. section 798

13  18 U.S.C. section 1001

14  18 U.S.C. section 2071

15  18 U.S.C. section 645

16  28 U.S.C. 955

17  42 U.S. Code § 12203.Prohibition against retaliation and coercion
    U.S. Code
18
    18 U.S. Code, section 1513-retaliating against a witness, victim, or informant.
19
    Possible 18 U.S.C. section 646 (Chiae Wilder refuses to disclose amount paid Anthony Marlow)
20
    Possible 18 U.S.C. section 647 (Chiae Wilder refuses to disclose amount paid Anthony Marlow)
21
    18 U.S.C. Code section 666- Theft or bribery concerning programs receiving Federal funds.
22
    Title 18, U.S.C., section 249- Matthew Shepherd and James Byrd, Jr. Hate crimes prevention act. Lii U.S.
23  constitution annotated amendment xiv. Rights guaranteed section i  due process of law*

24  18 U.S. Code § 286, Conspiracy to defraud the U.S. Government

25  18 U.S. Code § 287, False, fictitious or fraudulent claims

26  18 U.S. Code § 371, Conspiracy to defraud the United States

27  18 U.S. Code § 1031, Major fraud against the United States

28                                      3

1    18 U.S. Code § 1951 (a)(b)(2), Interference with comm. by threats or violence

2    18 U.S. Code § 1961(1)(A)(B)(2)(3)(4)(5), Racketeering activity

3    18 U.S. Code § 2382, Misprision of Treason

4    28 U.S. Code § 455, Disqualification of justice, judge or magistrate judge

5    31 U.S. Code § 3729(a)(1)(A)(B)(E), False claims.

6    42 U.S. Code § 658, Title IV-D, Section 458, Social Security Act, Incentive payments to states.

7    42 U.S.C.A. section 609(a)(8)(Nov.1996 Supp.)

8    42 U.S.C. section 601 Purpose (b)

9    28 U.S.C. section 144

10    31 U.S. Code 3729

11    42 U.S.C. 658(a) and (f) provides profit for practice of the above

12    *Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.

13

14    Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.

15    *Claimant reserves the right to amend complaint at any point or at request of court.

16        Plaintiff filed a Tort Claim around June or July 2019, The Plaintiffs have served a General Liability Claim Form against the Defendants case no  3077-0122, Grady assigned to case in accordance with RCW 4.92.100 and sixty days has passed. The Respondents have failed to reply.

17

18                    **III.    STATEMENT OF FACTS**

19    3.1.  Plaintiff filed a Tort Claim around June or July 2019, The Plaintiffs have served a General Liability Claim Form against the Defendants case no  3077-0122, Grady assigned to case in accordance with RCW 4.92.100 and sixty days has passed.

20

21    3.2.  The Respondents have failed to reply.

22    3.3.  Terminated State of Washington employee Abryel Wilder aka April Wilson at the time of being hire were the victim of sexual harassment which led to unlawful retaliation and termination.

23

24    3.4.  The sexual harassment, harassment and on-going retaliation has not stopped.

25    3.5.  The initial sexual harassment, harassment and unlawful retaliation started 1 year prior to filing 08-2-15626-1 in the Washington State Superior Court, Thaddeus Martin representing the Plaintiff in both matters.

26

27    3.6.  Reginal Johnson worked for Nexus Youth and Families Auburn Youth Resources, located at 1000 Auburn way S Auburn, WA.

28                                    4

3.7.   January 2007, Reginal Johnson had called Plaintiff demanding to claim A.W. on his taxes.

3.8.   Plaintiff told Reginal Johnson, "no".

3.9.   Reginal Johnson owed a large amount of money in back support, child support was due for modification.

3.10. Reginal Johnson was upset; in retaliation filled out Washington State forms that, Reginal did not file until February 2007.

3.11. February 2007- Nelious Horsley Jr. B/d 03/04/1972 was upset that plaintiff would not allow Nelious to drive a vehicle without a driver's license.

3.12. Plaintiff contacted a common friend of Nelious and hers to have Nelious pick him up.

3.13. Nelious Horsley Jr. was angry with the plaintiff's decision; Nelious having reck a number of cars, this was the safe and responsible decision to make.

3.14. Nelious did not have a valid driver's license and self- medicated using marijuana.

3.15. Nelious Horsley Jr. Had taken plaintiff's mustang shortly before this incident without permission and totaled it by hitting an older man.

3.16. Nelious Horsley Jr. Hit an older man head on; operating the vehicle under the influence of marijuana, the plaintiff had reaped the consequence of a suspended license.

3.17. Plaintiff was securing her person by refusing Nelious Horsley Jr from driving.

3.18. Nelious Horsley Jr. had not told plaintiff that he called 911 and then hung the phone up.

3.19. Nelious Horsley Jr. And plaintiff had decided to end their marriage; Nelious Horsley jr. Had plaintiffs' keys and refused to give them to her.

3.20. Nelious Horsley Jr. proceeded to try and take the car; plaintiff stood behind vehicle.

3.21. Plaintiff was only in her socks at this time; it happened to be raining that night, plaintiff slipped in the mud.

3.22. Nelious Horsley Jr. walked off the premises with the plaintiffs' keys; Nelious Horsley Jr. refused to give back were the property of Washington state, western state hospital.

3.23. Nelious Horsley jr. Started walking down veterans drive, plaintiff had asked nelious Horsley jr repeatedly to return her keys.

3.24. Nelious Horsley jr declined; Lakewood police contacted nelious and the plaintiff.

3.25. Nelious Horsley jr and plaintiff advised the police that they were fine and they did not need assistance.

3.26. Nelious Horsley jr still did not disclose that he called 911 and hung up.

3.27. Lakewood police: stated that they received a dv phone call; nelious Horsley jr and plaintiff were across the streets from the house at the corner apartments.

3.28. Plaintiff allowed the police to know, she did not make the phone call.

3.29. The police separated nelious and plaintiff; the police did not read plaintiff her rights, officer valley started interrogating the plaintiff. Officer valley kept asking the plaintiff "he hit you didn't he? Just tell me that he hit you."

3.30. The plaintiff told the police that nelious Horsley jr did not hit her; officer valley began to roughly hand the plaintiff, calling her a liar and slamming her into the van.

3.31. The officers both allowed nelious Horsley jr and the plaintiff to know that Washington state law re: domestic violence "if someone calls 911, someone has to go to jail", the officers asked for identification.

3.32. Being that the plaintiff had to exit the house quickly to attempt to get her keys, she did not grab her wallet.

3.33. The plaintiff recited her driver's license number wilsoan212kg.

3.34. Officer valley arrested the plaintiff; obstruction of justice, failure to identify herself.

3.35. The plaintiff was booked inside of pierce county; pr' d 2 of the plaintiff's friends picked her up and she did not go directly home. Plaintiff was afraid; plaintiff had just been assaulted by the officer, plaintiff has PTSD and avoids men when triggered.

3.36. When plaintiff was in jail; plaintiff had notified Nelious Horsley jr to take A.W. d/b 07/06/2003 to Reginal Johnson.

3.37. Reginal Johnson had not seen A.W. for a month.

3.38. Nelious Horsley jr contacted plaintiff's friend stated he and C.H. d/b 02/20/2002 were at the hospital; C.H. had pneumonia and spent days at the hospital.

3.39. C.H. has chronic asthma.

3.40. Reginal Johnson went to pierce county courthouse.

3.41. Pierce County Thomas Larkins 04-5-00068-4

3.42. Reginal Johnson filled papers February 2007, that were filled out January 2007.

3.43. Reginal Johnson fraudulently filed for an emergency order; Reginal Johnson perjured himself; told the judge that petitioner was in pierce county jail for Domestic violence.

3.44. Plaintiff had attempted to contact Reginal Johnson repeatedly, Reginal Johnson avoided answering the Plaintiffs calls.

3.45. Plaintiff did not go to jail for domestic violence.

3.46. Plaintiff was a state employee; that worked at Western State Hospital.

3.47. Plaintiff was working at the time the respondent filed motion, perjuring himself.

3.48. Reginal Johnson refused to properly service plaintiff.

3.49. February 14 or 15th

3.50. There was a restraining order placed on plaintiff, plaintiff was not allowed to see A.W. b/d 7/6/2003, based in the lies that reginal had told, plaintiff was not ever served papers.

3.51. Plaintiffs only means of communicating with A.W. was thru the phone, and this is when A.W. disclosed to the plaintiff, that Grandmother Ms. Charlene had whipped her using a slipper. Plaintiff simply asked A.W. why she got a whipping, A.W. told plaintiff because she fell asleep and pee peed in her grandma's suede chair.

3.52. A.W. had been potty trained since she was 1 and a half. The only explanation the Grandmother stated to the Plaintiff "A.W. was bad and had an attitude like the mother".

3.53. reported the abuse to the courts and the G.A.L., the police but nothing was done.

3.54. March 2007

3.55. 3/6

3.56. Within minutes after picking A.W. up, she made a statement that she never wanted to go back to her dad's house because they hit her. Plaintiff pulled the vehicle over this is when plaintiff noticed the large bump on A.W. head. Plaintiff immediately went to cps demanding to see a worker, this is way the plaintiff could have it documented and Reginal could not say that plaintiff was coaching her. Plaintiff met with a worker Shareece Hayes (who was later identified as Reginal's sister Carla Johnson (Foy) best friend.

3.57. The worker gave plaintiff a business card with the 800 number and a blue sheet of paper with questions written on it. The worker advised the plaintiff to call the 800 number after obtaining the information, by asking her the questions that were written. The questions were who, where why, how and how many times. Being that A.W. was young it was hard to really know how many times she was hit. Plaintiff called the number and they said that they were going to send out a referral in a day or two. They failed to follow thru with this referral and the bump had already faded and by the time they decided it was best, the investigation was poor.

3.58. 3/7

3.59. A.W. was seen by her regular doctor, dr. Samujh, who assessed, documented, and made a report to cps.

3.60. After dr. Samujh assessed a.w. she made a referral to the children's advocacy center of pierce county for further assessment.

3.61. Plaintiff was still waiting for CPS, days had gone by, plaintiff tried to contact cps and found out why the process was taking so long.

3.62. Plaintiff told cps, by the time that they had come out that there was going to be no evidence of abuse.

3.63. The abuse started taking place in February, when the court wrongful granted Reginal Johnson emergency custody. The court was aware of the abuse and notified of the abuse, at the time the plaintiff learned. The plaintiff would do a skin assessment on A.W.

3.64. March 12 or 13

3.65. It was the plaintiffs time to pick a.w. up and the plaintiff having to return her back to Reginal by March 15.

3.66. On A.W's return back from Reginal's house; Plaintiff would do a skin assessment and keep notes.

3.67. Plaintiff noticed more faded bruises that were in places that normally would not be bruised, plaintiff was good at getting documentation on those bruises in question.

7

3.68. This particular day, A.W. could not be seen by the doctor but i had made an appointment for the 16th of March.

3.69. Plaintiff was a health care worker and a mandated reporter; plaintiff is responsible for reporting both children and adult abuse.

3.70. Plaintiff had placed another call to CPS; CPS refused to come out and had failed to respond.

3.71. The department told the plaintiff, 24-48 hours; that they would send a referral out and 6 days had past.

3.72. Plaintiff was informing CPS that plaintiff had to return child back to Reginal by the 15th.

3.73. CPS informed plaintiff that; the plaintiff could get in trouble for failing to protect the child and by the plaintiff returning the child back to the abuser with full knowledge she was being abused, this was negligent on the plaintiff's behalf.

3.74. Plaintiff typed a letter to Reginal explaining why A.W. was not going to be returning back into his care, the plaintiff doing her diligence as a Mother.

3.75. The Court immediately started to punish the plaintiff for protecting the child; not one time has Washington State came to the defense of the mother or child from 2007-2021, allowing on-going abuse.

3.76. April

3.77. 4/18

3.78. Court hearing was held in front of Judge Van Dorninck, Reginal submitting contempt papers against plaintiff for protecting A.W. plaintiff told Judge Van Dorninck what CPS had stated to her and her with evidence regarding the abuse that had been taking place.

3.79. Judge Van Dorninck, "CPS does not oversee the court".

3.80. Plaintiff was found in contempt with no visitation from April 18– second week in November 2007.

3.81. This is when Reginal decided to allow plaintiff to see A.W.

3.82. It was order that the plaintiff and reginal split the gal fees, Judge Van Dorninck ordered the plaintiff to pay the gal fee and counter sue Reginal because reginal refused to pay his half.

3.83. Plaintiff was paying for a private attorney from April 2007- October 2008. 300, and medical to reginal for a.w., 500-800 in cash daycare, 2400 in gal bills, while reginal paid 375. the G.A.L. fees.

3.84. Chiae Wilder makes 75,000. And was given a CASA.

3.85. Reginal Johnson defamed my character.

3.86. The G.A.L. Sheri Nakashima never interviewed no one on plaintiff's behalf.

3.87. The G.A.L. Sheri Nakashima never interviewed no one on the A.W's behalf.

3.88. Whatever Reginal told the G.A.L., that was the investigation and the G.A.L. would rehash it to the Judge.

3.89. The Court had conceded that Reginal was of good character and plaintiff was not creditable, even with facts.

8

3.90. Sherri Nakashima was given pictures of the abuse and reframed from mentioning one word on the record.

3.91. A.W. was denied her rights as a child to remain in a safe well- being, right to have excess to her mother, the right to have treatment that should have been court ordered any ways since the Washington state courts ripped her away from the mother that A.W. was safe and a stable environment that a.w. resided with her mother since birth.

3.92. A.W. was deprived the right to be heard through the voice of a paid G.A.L. who refused to do the report as ordered.

3.93. Plaintiff still has not received a report from Sheri Nakashima, it is 2021 and the Court Appointed G.A.L. Attorney took money without performing her duties as a G.AL.

3.94. Judge Van Dorninck and G.A.L. Sheri Nakashima violated A.W. constitutional rights.

3.95. Judge Van Dorninck and G.A.L. Sheri Nakashima said "the trial could not proceed without the G.A.L. report" and the trial did proceed without the G.A.L. report...

3.96. Judge Armijo said that A.W. never should have been removed out of the plaintiff's house.

3.97. Two years the plaintiff told the state and government officials that A.W. was being abused by Reginal Johnson.

3.98. Reginal Johnson that took a plea bargain for 3rd degree assault of a child, Pierce county case number 09-1-01478-9.

3.99. When cps did the investigation, plaintiff gave a date 3/15-18 2007.

3.100.      1 week later they interviewed and the bruises were already fading but the lump on a.w. head was still a good size.

3.101.      Both the dr. And plaintiff made a report to cps, said that there was evidence.

3.102.      The social worker only interviewed Reginal's side and not any of the plaintiff's side, that witnessed the marks... same as the doctor.

3.103.      Reginal's mother says that A.W's cousin who was younger than a.w. managed to pick up a good size toy and throw it up in the air high enough to hit arreyanna in the head.

3.104.      Reginal Johnson is 6'5", his mother and sister are close to 6 foot.

3.105.      If any of them were to pick a.w., she is going to be 6 foot easy.

3.106.      A.W. was almost 4, this would have made Amori under 2. She would have had to have quite the strength to toss it that high and they would have seen it coming to intervene the object.

3.107.      A.w. said that her dad whipped her on her feet.

3.108.      March 2008, as long as plaintiff was sleeping with reginal, plaintiff was allowed to have overnight visitation with A.W., this is how plaintiff obtained evidence of the abuse.

3.109.      Plaintiff took pictures of the back of a.w. legs that you could clearly see, the red wilts that came from the folded belt.

3.110.      The teachers that are supposed to be trained to detect child abuse, failed with flashing red lights.

3.111.      These employees are Washington state employees.

3.112.      It is even on transcript that reginal and people in his life had no filter in the things that they would say to A.W. speaking down on the mother consistently telling A.W. that she had an attitude like her mother, the plaintiff.

3.113.      Sheri Nakashima is a mandated reporter.

3.114.      Reginal Johnson's legal forms have KCPA fax number on the top of the legal forms that were filed with the pierce county courthouse.

3.115.      2008

3.116.    It was reported to the court that Reginal Johnson was having the plaintiff have sexual relations with him in exchange for visits with the plaintiff's daughter and having the plaintiff perform oral sex on Reginal.

3.117.    Reginal Johnson had the plaintiff engaging in sexual relations in his truck and this was oral sex had taken place as well.

3.118.    Reginal would spot plaintiff out while she was working her club promoting job and demand sex at that very instance.

3.119.    Filed a lawsuit against the state of Washington DSHS for sexual harassment.

3.120.    2009

3.121.    Officer Ryan Moody had also failed to appear for a contested court hearing. Racially profiling.

3.122.    Wrongfully terminated and retaliated against for filing sexual harassment lawsuit.

3.123.    Filed a lawsuit against the state of Washington dshs for neglect for a.w. Thaddeus Martin was the attorney hired to represent a.w. born 7/6/2003.

3.124.    10/26

3.125.    Request for A.W. records with the state of Washington for the pending lawsuit.

3.126.    10/30

3.127.    Letter from records with the address 9616 Northgate Rd SW, Lakewood Washington on it.

3.128.    2010

3.129.    Washington state had wrongfully medicated plaintiff.

3.130.    Washington state had misdiagnosed plaintiff, for years has been trying to get someone to diagnose the plaintiff with their diagnosis, as recent as 2019.

3.131.    June

3.132.    St. Clare Hospital violated patient privacy, disclosing personal information.

3.133.    St. Clare violated beliefs and stole plaintiff's blood.

3.134.    St. Clare did not contact the patients primary Doctor.

3.135.    St. Clare told CPS that the Officer said that plaintiff attempted to commit suicide in 2006.

3.136.    St. Clare in 2019 without patient consent or contacting patient. Provided King County Courthouse with altered documents.

3.137.    Officer Ryan Moody

3.138.    6/13 the department received a referral that included: Lakewood police responded to a report of an intoxicated woman with a child at a gas station. Police found that the mother, April Wilson had walked about 1 and ½ miles from her home to a gas station in the middle of the night while carrying her 3 years

10

old son, Ca'vele. Ms. Wilson was uncooperative with the police. Ms. Wilson had superficial cuts on her wrist. Police identified Ms. Wilson and took her and the child home. At the home, the police found another child, 11 years old james. Ms. Wilson could not respond well to questioning. For example, when police repeatedly asked for the child's birth date, mother kept giving her own birth date instead.

3.139.    On 6/13, the Lakewood police entered the home of Ms. Wilson. The Lakewood police department described the home as the following: the home had used condoms laying around, broken glass on the floors, was very filthy and smelled strongly of urine. There was extraordinarily little food available in the home.

3.140.    10-7-01373-7
3.141.    10-7-01374-5
3.142.    10-7-01375-3
3.143.    10-7-01376-1

3.144.    6/17 notice and summons/order re: dependency hearing 08/09//2010

3.145.    Name April Wilson

3.146.    8916 veterans drive SW, Lakewood WA 98498

3.147.    Signed by judge Thomas Larkin, presented by Washington State, this judge handled plaintiff's lawsuit as well. Conflict of interest

3.148.    Plaintiff filed a complaint against Judge Thomas Larkin in 2007, for wrongfully removing Arreyanna.

3.149.    Judge Thomas Larkin and Reginal Johnson are a cause of damages and injuries starting 2007.

3.150.    Also falsifying my address, name, and birthdate.

3.151.    Dependency petition

3.152.    Name April Wilson

3.153.    8916 veterans drive SW, Lakewood WA 98498

3.154.    30 days 7/15 1:30 is written at the top of legal document.

3.155.    Falsifying my address, name, and birthdate.

3.156.    Plaintiff's Attorney Thaddeus Martin allowed the unethical misconduct, made no motion to protect his clients.

3.157.    July

3.158.    7/7
3.159.    In re the welfare of:

3.160.    Tatyanna Wilson, James Robinson, Arreyanna Wilson-Johnson, Ca'vele Horsley
3.161.    10-7-01373-7

11

3.162.      **10-7-01374-5**
3.163.      **10-7-01375-3**
3.164.      **10-7-01376-1**

3.165.      Line 3.5 the respondent/child's lawyer shall contact the respondent at 253-534-6177

3.166.      Judge Beverly Grant granted orders that were presented by state of Washington.

3.167.      Falsifying my address, name, and birthdate.

3.168.      Plaintiff's Attorney Thaddeus Martin allowed the unethical misconduct, made no motion to protect his clients.

3.169.      **7/15**

3.170.      **10-7-01374-5**

3.171.      Michael R Kawamura WSBA 17202 put in a notice of appearance.

3.172.      **10-7-01374-5**

3.173.      7/20 Frank Cuthbertson signed and order authorizing, this judge handled my lawsuit as well.

3.174.      Plaintiff had to fight 2007 and is still fight Washington state to have a relationship with her children and has been denied.

3.175.      Plaintiff has been denied protection as well as all of her children.

3.176.      All of the children were abused, even some sexually while in the care of Washington state.

3.177.      The Washington state employees hide that 5 reports were made to them and waived through, regarding James Robinson III

3.178.      The state of Washington Mark Lindquist refused to convict child abusers, that in open court were said to have committed the acts against the children, this was the reason for the children being replaced.

3.179.      Shareece Hayes is still an employee of Washington State and was a supervisor in placement.

3.180.      DSHS has a saying "you screw up, you move up."

3.181.      Plaintiff being involuntarily committed to care under the defendants was a conflict of interest.

3.182.      The plaintiff's children being placed in the hands of the defendants during a lawsuit was a conflict of interest.

3.183.      The defendants used the plaintiff's children to have her do things against her beliefs and rights.

12

3.184.   The department intentionally assigned attorneys that were a conflict of interest.

3.185.   The department intentionally assigned ineffective counsel.

3.186.   The department intentionally keep illegally documents from plaintiff.

3.187.   The department terminated Lauren Brown because she was thoroughly investigating.

3.188.   Washington state and departments refused to report abuse or misconduct to the proper authorities.

3.189.   Washington state did not register the children with their tribe at any point of time as they would help the American Indians do.

3.190.   Washington state Indians did not recognize plaintiff's children as Indian but as "blacks".

3.191.   Plaintiff filed complaints with human rights.

3.192.   Plaintiff filed complaints with children's ombudsman.

3.193.   Plaintiff filed complaints with many state departments.

3.194.   Plaintiff filed a complaint with St. Clare Hospital.

3.195.   Plaintiff filed complaints with the Lakewood Police department.

3.196.   Plaintiff filed complaints with the CASA Buffy Via

3.197.   Plaintiff's son James in his last court date on the record exposed the state for abuse.

3.198.   Plaintiff has PTSD and ADHD the court is intentionally bringing up matters that have been dismissed or that the Plaintiff has held a trial in their courts and was granted custody.

3.199.   The court has had to dismiss temporary orders that they have sign, regarding giving a pimp/drug dealer plaintiffs daughter… who the court dismissed a youth risk petition for a runaway child that they have not seen since 2019.

3.200.   Plaintiff is a victim of physical, mental, emotional, sexual and litigation abuse.

13

3.201.    Plaintiff is allergic to serotonin; the court and court officials have full knowledge of this, other medication rulings.

3.202.    The courts that have prepared false documents, DSHS that has prepared false documents and the attorneys that have prepared false documents have been reported to proper authorities.

3.203.    The Federal way police department has failed to follow through with the report filed regarding Reginal Johnson being Pimping Amber Paxton, the report contains ads and cd from trial heard in front of judge Phelps in 2017.

3.204.    The Federal way police department has failed to investigate and press charges for the government documents that Reginal Johnson had and submitted to the court to help him gain custody.

3.205.    The Police departments have failed to press charges on DSHS or the Prosecutors for failing to file charges against the proper persons, such as Chiae Wilder for assaulting a child, assaulting Abryel with a vehicle twice. Arresting the persons that prepared petitions under oath, lying that the served Abryel at a past address in order to interfere with lawsuits. Barring attorneys that have accepted cases just to benefit the state of Washington.

3.206.    Plaintiff was on Zoloft and other prescribed drugs that Dr. Burlinbouch had prescribed her in 2009.

3.207.    Washington state court ordered plaintiff to take medication that plaintiff was allergic to.

3.208.    St. Clare hospital restrained plaintiffs' arms and legs, triggering plaintiff who was a victim of rape with a recent sexual harassment case.

3.209.    Plaintiff's son James had been assaulting the victim and destroying her house, urinating.

3.210.    James had done the same in foster care and this is documented.

3.211.    James is currently serving time in Washington state and had filed a case in 2019 against the state of Washington.

3.212.    2011

3.213.    CASE 11L000744 LKM DISMISSED/PREJ

3.214.    REGINAL JOHNSON FORCED THE PLAINTIFF TO TAKE THE A.W. SO HE COULD TRAVEL OUT OF STATE.

14

3.215.     REGINAL JOHNSON THREATEN THE PLAINTIFF, REGINAL WAS NOT CHARGED FOR NEGLECT FOR CASE 11L000744

3.216.     WASHINGTON STATE STILL USE THIS DISMISSED CASE IN 18-3-73982-2 KNT

3.217.     WASHINGTON STATE COURT AND JUDGES ACCEPTED INFORMATION THAT THEIR COURT WRONGFULLY OBTAINED.

3.218.     2012
           *RESERVE THE RIGHT TO AMEND DUE TO WASHINGTON STATE REFUSING TO PROVIDE RECORDS AND EVIDENCE, INTEREFERING WITH THE RIGHT TO SUE.

3.219.     2013
           *RESERVE THE RIGHT TO AMEND DUE TO WASHINGTON STATE REFUSING TO PROVIDE RECORDS AND EVIDENCE, INTEREFERING WITH THE RIGHT TO SUE.

3.220.     February

3.221.     2/26

3.222.     Application for non-assistance support enforcement services.

3.223.     Dshs stated that plaintiff was not entitled, that there was no order to collect support from reginal, even though the plaintiff was receiving medical from the state of Washington for the child.

3.224.     September

3.225.     9/30

3.226.     Intake number 2884153

3.227.     Even though the department found abuse took place, they sent a letter that stated unfound. This is why the child was removed.

3.228.     October

3.229.     10/17

3.230.     Petition for a protection order

3.231.     Child custody information sheet page 1 line e- provides the address that is the same address that CPS placed on the court report.

3.232.     This is Aaron Foy- the man Reginal left Arreyanna with while returning back to Arizona to reside.

3.233.     Aaron Foy took an amended charge for assault 3rd degree; original charge was a rape degree.

3.234.     November

3.235.     2014

3.236.     November

15

3.237.    11/6– plaintiff contact the office if the family and children's Ombudsman about the abuse again, the department sent a letter 12/2 deciding not to act.

3.238.    11/24

3.239.    Intake number 3074258

3.240.    Unfounded

3.241.    The plaintiff did report to cps, dshs, casa and the office of the family and children's Ombudsman about the abuse that C.H. birthdate 2/20/2006 had experience prior when the child disclosed the abuse, the department neglected to thoroughly investigate and secure the child's safety.

3.242.    December

3.243.    12/4

3.244.    14-3-04156-9

3.245.    Affidavit of service

3.246.    Jordan v Rhett, paralegal and Hosannah law group, PLLC.

3.247.    2015

3.248.    December

3.249.    12/2

3.250.    Motion to amend placement.

3.251.    Chong wilder and Ta'tyanna Wilson are on the dependency documents.

3.252.    This was amended because James' aunt Marial threw him put to the streets with nothing and nowhere to go.

3.253.    Chiae wilder is acting as if he had no idea of the cps history, he was familiar with the cps history and had zero concerns.

3.254.    Order signed by judge Susan Serko.

3.255.    Request for production of documents Mary Opgenorth.

3.256.    2015

3.257.    2016

3.258.    CPS personally flagged me on their own without a court order.

3.259.    The hospital Social worker contacted CPS and told them that Plaintiff had registered in the hospital under a false name, there are police reports that can verify this.

3.260.    CPS showed up to my home with the police harassing the plaintiff and family.

16

3.261.     May

3.262.     Reginal Johnson submitted public view James Robinson III court report under sub 21.

3.263.     4/12 Judge Phelps sealed sub 21 under 16-3-02934-9 Kent

3.264.     2017

3.265.     March

3.266.     Steven Downing was hired to file my lawsuit against the state and refused to do so after collecting 4500.

3.267.     Steven is also responsible for sending a lawyer in my defense that had no evidence or facts to defend plaintiff, causing commissioner laird to grant an order wrongfully.

3.268.     April

3.269.     4/12 Judge Nicole Phelps sealed sub 21 under 16-3-02934-9 Kent

3.270.     Reginal Johnson provided a trial binder with exhibit list with exhibits.

3.271.     Reginal Johnson provided a witness list with contact information; Amber Paxton listed in multiple sex ads, even while flying in with Reginal for a court appearance.

3.272.     Reginal Johnson was possessing documents came from the Washington state, to help Reginal gain custody of A.W.

3.273.     Court report of James Robinson III

3.274.     Involuntary commitment of Plaintiff

3.275.     Reginal has used these documents for years and now Chiae Wilder is using these documents or information in order to harass, be little, embarrass or manipulate the court in to benefiting.

3.276.     4/24- submitted request for children's administration records, was denied.

3.277.     4/26- dshs the children's administration of the department, #20104-prr-1220

3.278.     Requesting that plaintiff provide an authorization form and photo identification from James Robinson III and Ta'tyanna Wilson.

3.279.     Chiae Wilder, Reginal Johnson, Anthony Scott Marlow, Siva Surya, Ann-Marie Croy, King County Courthouse, Maleng Regional Justice Center, and others has managed to gain access to all of plaintiff's children's records without plaintiff signing for the consent.

3.280.     Reginal Johnson was ordered to pay child support; Reginal Johnson has refused and Washington State refuses to enforce Judge Phelps Order.

3.281.     From 2017-2021

3.282.     Washington State made multi case numbers for Reginal to claim child support against plaintiff, even in Arizona state.

17

3.283.     The IRS has stolen the plaintiff's money; the state refuses to make Reginal Johnson pay the plaintiff back her money.

3.284.     Washington state has caused a hardship non-stop since 2007.

3.285.     May

3.286.     5/17- Human rights stated that the St. Francis hospital did in fact discriminate, they decide otherwise, wasting time.

3.287.     June

3.288.     Reginal Johnson attempting to get his child support modified.

3.289.     August

3.290.     Reginal Johnson hiring attorney Nicole Blake, who is now barred.

3.291.     8/3

3.292.     Melissa Montrose sent a letter from office of the family and children's Ombud's, will not be taking further action.

3.293.     September

3.294.     9/1

3.295.     Steve downing wrote a letter to Julian bray regarding the court report and medical records that reginal Johnson had gain access to the government documents and medical records. State did nothing.

3.296.     9/1 letter from Joe Christy

3.297.     Reginal Johnson used a court report that judge Nicole Phelps had demanded reginal Johnson to give to her; asking if plaintiff wanted her to shred the documents, reginal was asked if he had more.

3.298.     Reginal is on the record stated that he did not, this was a lie; reginal used the same court report again. Nicole chafetz and Joshua Brumley's law firm were responsible for dispersing it and reginal at the same time.

3.299.     This is a court report of a child that is not reginal Johnson's.

3.300.     9/3 Brittany brown social worker contacted A.W. prior to CPS case.

3.301.     Reginal Johnson violate the custody order told a.w. to run away and stay with Fred hardwell, that was an employee of federal way school district.

3.302.     9/4 or about Plaintiff filed contempt papers against Reginal Johnson.

3.303.     9/27

3.304.     Joe Christy sent a reply letter.

3.305.     October

18

3.306.      17-2-23510-5 Kent

3.307.      F.C.S. 20160116

3.308.      10/5 judge/commissioner Laird had Reginal Johnson and plaintiff sign an order re dcfs/cps status report to family law department date 2015- 105/2017.

3.309.      Plaintiff and Reginal Johnson just had trial and the plaintiff was granted custody.

3.310.      The only dates that the court should have been able to use were after the trial. Coercion.

3.311.      Angela Battisti, licsw went all the way to 2011 and declined to provide anything regarding the father reginal Johnson.

3.312.      A.W. had assaulted her older sister Ta'tyanna that in April 2017 and plaintiff in September 2017.

3.313.      The police reports are available, CPS took over the matter and appeared in court and helped Reginal Johnson obtain custody a number of times and is now helping Chiae Wilder.

3.314.      The social worker Brittany also provided false information to the court and it was accepted.

3.315.      10/10

3.316.      A.W. referred by federal way police department for her behavior to the firs program, reginal refused to allow the child to attend. A.w. assaulting family members was not ever dealt with because dshs and reginal interfered with the matter.

3.317.      10/3 Chiae Wilder paid Steven Downing for the lawsuit 1000.

3.318.      10/17 Chiae Wilder paid steven downing for the lawsuit 1000.

3.319.      November

3.320.      11/27

3.321.      3696416 Mother founded for abuse wrongfully, no investigation.

3.322.      3719004 unfounded, 2197698

3.323.      December

3.324.      2018

3.325.      April

3.326.      01-2018-dcs-16209 and 01-2018-dcs-16211

3.327.      State Attorney Karen Nash

3.328.      Knowing that reginal Johnson was not a resident of Washington state, helped reginal get a judgment for child support. Fraud, the state of Washington participating in embezzlement.

3.329.      May

19

3.330.      5/4 Tacoma mall contacts plaintiff to pick up a.w. because reginal Johnson lives in Arizona and they could not reach him. Aaron foy was not her parent and did not have rights to pick her up. Judge laird had placed a restraining order on plaintiff.

3.331.      Judge laird granted reginal temporary custody.

3.332.      5/22 contacted because a.w. needed medical care, reginal Johnson lives in Arizona state could not take child to get medical treatment. Broken nose. Judge laird granted reginal temporary custody, based off hearsay.

3.333.      5/15 contacted because a.w. needed medical treatment, reginal could not take her because reginal lives in Arizona. Judge laird granted reginal temporary custody, based off hearsay.

3.334.      5/29-a.w. needed medical care, reginal is living in Arizona, judge laird granted reginal temporary custody, based off hearsay.

3.335.      5/30 a.w. needed medical care, reginal is living in Arizona, judge laird granted reginal temporary custody, based off hearsay.

3.336.      5/31 telephone conference 3696416, 2649592, 2635111, 2262122, 2399504, state attorney Mareen bartlett

3.337.      June

3.338.      6/1 a.w. needed medical care, reginal is living in Arizona, judge laird granted reginal temporary custody,        based off hearsay.

3.339.      November

3.340.      11/28

3.341.      Abryel Wilder filed for a dissolution against Chiae Wilder for a second time, the first was in 2017 18-3-73982-2 knt.

3.342.      Automatic temporary order setting financial restraints (tmo)

3.343.      Chiae Wilder has bought his girlfriend Brianna Donavan a 14,000 plus vehicle, against my consent.

3.344.      Chiae Wilder has also allowed the neighbors on each side of the house to encroach the property, against my consent.

3.345.      Chiae Wilder has also removed money from accounts, against my consent.

3.346.      Chiae Wilder has also exhausted money to Anthony Scott Marlow, employing him for over 2 years.

3.347.      Chiae wilder has also changed the auto insurance, the mustang hit a pothole in Tacoma and cannot be repaired because he changed the insurance.

3.348.      Chiae Wilder had also sold my black mustang to the insurance company without my consent.

3.349.      Chiae Wilder has not been compliant of this order.

3.350.   King County Court and Family Law judges granted Chiae Wilder all of the money, the kids, the cars and now illegally having plaintiff and 15 years old son removed from their sanctuary and home to become homeless.

3.351.   Yah's Knights and Dames Community Development UBI NUMBER 604 529 163, located at 32328 7th Ave SW, Federal way Washington 98023. Sanctuary School. Since 2019.

3.352.   YZ RA EL, LLC. UBI NUMBER 604 709 361, located at 32328 7th Ave SW, Federal way, Washington 98023. Natural Law and Jurisprudence. Since 2021.

3.353.   Abryel'z Petty Piercing and Lounge was another business, Chiae refused to allow Abryel to succeed.


3.354.   2019

3.355.   February

3.356.   2/25

3.357.   Letter to the prosecutor regarding my child support cases, they refused to acknowledge the letter.


3.358.   March

3.359.   On 3/15/2019 Lauren petitioned for an order for protection against Cameron Cromoga's, case no. 19-2-00778-3.

3.360.   Lauren is petitioning as a victim of domestic violence.

3.361.   Lauren provides the court with 3 case numbers 1905101839, 1900651909, 1907300961.

3.362.   Asking that the court grant the protection order not only for her but as well as the minors, restraining Cameron from her home and i believe her workplace.

3.363.   Lauren's address is 3561 e i street Tacoma, WA 98404

3.364.   This is the house her, Cameron, their 2 children and her child from a previous relationship resided. And Cameron spent most of his night still while this order was granted.

3.365.   Lauren in her petition and declaration stated Cameron called her and told her Ashanae's his girlfriend wanted to fight her.

3.366.   Lauren admitted on the 14th of march that she in fact with her friend knocked on Ashanae's s door and there wasn't an answer.

3.367.   In Ashanae's pierce county petition for protect an anti-harassment order case number #9z624706a

3.368.   3/18/2019 in Ashanae's s declaration it states that Ashanae's was staying at my house over night as well as during the day.

3.369.   States that Cameron does not reside at her residence.

3.370.   Lauren lied to the dispatch stating that Ashanae's and her made contact at no point of time did they make contact. It was me questioning Lauren without threats.

21

3.371.    Due to Ashanae's recording me for our safety because Lauren appears to be mentally unstable and out of control with history of lying and is currently my belief, she is on an out of state probation program being allowed to act this way. 13-1-01901-1 defendant

3.372.    Lauren in her petition also placed an x in the box that respondent did not have a gun but the dispatch report says that she stated on 2 different occasions that Cameron in fact had 1 one of the times and 2 a second but i have footage that states that Lauren denies telling law enforcement that she informed them that there was guns.

3.373.    Lauren also declares that she did not want to live at some point and was under medical care.

3.374.    Fife police responded to the call that Ashanae's had made we did not know that the department had in fact received 2 calls until the end of the conversation when we had asked them for an incident number to be able to attach to the anti-harassment that Ashanae's was in the process of finishing.

3.375.    The Officer's had told Ashanae's and i that they did not plan on making a report on our behave because Lauren was in fact the victim.

3.376.    Ashanae's address at that time was 6603 20th Street East #3 Fife, Washington 98424.

3.377.    April

3.378.    4/1-

3.379.    Re: Fife police department, Fife municipal court, city attorney, assigned counsel.

3.380.    Plaintiff went into the fife police department to request records and try and file a complaint again.

3.381.    Ashanae Olive lied under oath; testimony about why plaintiff was at the police department.

3.382.    Joshua Brumley refused to give plaintiff back her personal documents and threaten to redact documents.

3.383.    Joshua Brumley has the evidence in google history that shows the location of plaintiff, plaintiff was not in Fife during the time Cameron was served but at her own residence, When Cameron contacted her as well as Ashanae.

3.384.    The video submitted to district court on a thumb drive to verify conversation between plaintiff, records and police Officers Butler and Pomeroy.

3.385.    Lauren had admitted to the officers based of their 4/1/2019 report that she only drove through to get the address.

3.386.    In the 3/15/2019 declaration that was provided to the Pierce County Courthouse, Lauren told the police in person 3/19 she was driving through the apartments for the address but on the 15th, Lauren stated that she knocked on the door.

3.387.    Because Cameron told her Ashanae wanted to fight her. This is located in the plaintiff's Fife Court case file.

3.388.    The police and Lauren's statement are not adding up and Lauren was on probation at the time of all this.

3.389.    Lauren's sister Bonnie Lozada aka Bonnie Carpenter works for the Public defense department.

22

3.390.       Lauren was trying to serve Cameron personally, not using a third person to serve him.

3.391.       The police refused to do a proper welfare check on Lauren's children.

3.392.       The police repeatedly from records shows the number of attempts that they went to Ashanae's home.

3.393.       No one went out of the way to try a second time a third time a fourth time to have Lauren served at her parents' house.

3.394.       The officer that attempted service was on a case with Lauren's brother in-law, Robert Glen Carpenter, who stabbed a man on the outside of the dispensary.

3.395.       The Fife Police department stated that plaintiff was the female in the video at the time of servicing Cameron.

3.396.       The Fife Police department lied and stated that plaintiff resided with Cameron in the Fife apartments.

3.397.       The Fife Police department are on video refusing to allow plaintiff to file a complaint.

3.398.       The Fife Municipal Court did not video record the trial, they said that they do not.

3.399.       There is no way that you can see the reactions of the plaintiff or her directing the lawyer to object.

3.400.       The plaintiff is still in Court currently for the Fife matter.

3.401.       Michele Butler is nowhere on the video with having served Cameron but allows for him to get away with "smoking marijuana."

3.402.       Michele Butler signed that she served Cameron.

3.403.       Ashanae did not even receive a ticket for littering.

3.404.       The Tacoma police department, Fife police department, Lauren Lozada, Ashanae Oliver have not been charged for providing false statements to the police or perjury while under oath.

3.405.       Fife police department violated the plaintiff's right to be protected; the right to file a complaint, freedom of speech and unlawfully retaliated.

3.406.       Defaming the plaintiffs character placing plaintiff as an aggressor.

3.407.       The department has tried to scare me into writing a false statement against Ashanae.

3.408.       The prosecutor cut a deal with Ashanae; this is unethical.

3.409.       The same statement that Ashanae wrote, is Tracy Greenwood tried to get plaintiff to write.

3.410.       The plaintiff disagreed because it was a false statement.

3.411.       Plaintiff had qualified for a public defender, Ashanae does not qualify for a public defender.

23

3.412.    Ashanae and Cameron were in fact living together, this puts their income including food stamps over income qualifications.

3.413.    Plaintiff did her application before Ashanae, counsel denied me representation.

3.414.    Ashanae provided false information to the Court but they had already known but kept representing Ashanae for personal gain.

3.415.    Instead the assigned counsel continued illegally representing Ashanae, plaintiff never received a withdrawal notice from the first counsel.

3.416.    The appointed counsel did not provide the new appointed counsel with any information to be able to fairly and accurately represent plaintiff at her next court date.

3.417.    The appointed counsel did not provide me with any contact information or did any counsel try to reach out to me.

3.418.    The new counsel Tracy has refused to do subpoenas or work on getting my charges dropped.

3.419.    'the counsel has just recently emailed me a motion to withdrawal and has done absolutely nothing to prove plaintiff's innocence.

3.420.    The department assigned plaintiff with a new counsel, when Ashanae should have never been represented by the public defender in the first place.

3.421.    Ashanae worked at AT&T 20800 State Route 410 E, Bonney lake, WA 98391 (253) 862-6710, where she committed fraud to get that job as well.

3.422.    The Officers were being biased as plaintiff stated in the video; their own declaration that they had provided for the prosecutor.

3.423.    The prosecutor proves that Washington state identified Lauren as the victim; that plaintiff was the abuser or person that can cause harm, by asking the judge to place a no contact order on me protecting Lauren from harm.

3.424.    Plaintiff at no point since knowing Lauren been aggressive; videos the prosecutor Dawn Farina possesses, has full knowledge Lauren has been the aggressor.

3.425.    The city of Fife have failed in doing their job or honoring their mission statement.

3.426.    The officers "marked" Ashanae "black" because of her ignorant behavior, when Ashanae is Pacific islander (Asian).

3.427.    Plaintiff at no point of time was ever disrespectful to the officers, plaintiff was not given the option to identify self.

3.428.    The fact that they "marked" plaintiff as "black" is highly disturbing to plaintiff, the officers are using the work "black" in a derogatory sense.

3.429.    The plaintiff is Mi'kmaq which is Canadian native and creole mix.

3.430.    The officers did not at any time ask plaintiff for identification but stole my information from the records department is unethical. Or read Miranda rights.

24

3.431.      Race had nothing to do with anything on the plaintiff's part but was of importance to the officers and how they were going to do their job or not do their job.

3.432.      The officers waited until plaintiff came into the police department 4/1 for a second time to file a complaint and retaliated.

3.433.      The officers provide false information to the prosecutor, then the prosecutor as well presented to false information to the judge trying to file a charge for false statement.

3.434.      The officer's and prosecutor wrote a false police report for their own personal benefit, unaware that they were being recorded for safety of the plaintiff. Statements provided were all sworn statement.

3.435.      The officers jeopardized my life, the safety of myself and my children.

3.436.      The officers lying about plaintiff's address; a warrant would have been issued, Ashanae told plaintiff about the court date.

3.437.      The term bias refers to the tendency of the person to favor one thing, idea, or person over another.

3.438.      In a legal context, bias can lead an individual, such as a judge or juror, to treat someone unfairly, in spite that the hearings and trials are designed to be unbiased assessments of the facts of a case.

3.439.      Plaintiff was in court for a custody matter; plaintiff's current husband beat one of our children; this charge popped up as well and this was used against the plaintiff in divorce and against the character of plaintiff as recent as 3/25/2021.

3.440.      The officers have made the plaintiff pegged to be a liar; the fact that they take an oath, they have proven they are biased.

3.441.      Plaintiff had several appointed counsels; the court placed plaintiff as pro se, until they seen plaintiff prepared her own brief. 3/29/2021 still have not sent the signed order to plaintiff.

3.442.      The Pierce County Superior Court ignored the brief that was submitted and the appointed counsel once again appointed a counsel to prepare another brief.

3.443.      The plaintiff has been trying to get her personal documents from my assigned counsel Joshua Brumley, is a conflict of interest as well as his private investigator that called CPS on plaintiff leading to a founded case.

3.444.      The fife municipal court, appointed counsel and official have done nothing to direct Joshua Brumley to give back the personal documents because it would not be benefiting to them.

3.445.      It would be impossible for any other orders to be entered before 4/24/2019.

3.446.      Status conference/non-compliance filed 7/9, 6/17, 4/15, review 4/15, 4/9, 6/17, 6/12, 7/8, 7/3
3.447.      Immediate restraining order (ex Parte) and hearing notice 4/24/19, Washington state court official failed to notify plaintiff of this dates in order to fairly represent herself.

3.448.      If you look at Anthony Scott Marlow's trial brief, Anthony Scott Marlow's signed sworn declaration states that temporary orders were entered on 5/9/2019 by judge Melinda Johnson Taylor.

3.449.      It would be impossible for any other orders to be entered before 4/24/2019.

3.450.     If there were orders put in place without proper service or illegally as written by the person that manages the status conference/no-compliance checklist, the orders should be made available for the petitioner, this is 18 USC 242 deprivation of rights under color code of law. Constitutional rights violation 1983 claim

3.451.     Motion for immediate restraining order (ex Parte) (mtsc) 4/24/2019, , Washington state court official failed to notify plaintiff of this dates in order to fairly represent herself.

3.452.     Anthony Scott Marlow refused to respond to the immediate restraining order.

3.453.     4/25- Anthony Scott Marlow filed a DVPO- aligning without proper service. Noted for 5/3

3.454.     On April 24, 2019, temporary orders for motion for immediate restraining order (ex Parte) were by judge hillman and set for May 9, 2019.

3.455.     On April 25, 2019, the court erred by denying the petitioner signed due process, proper notice was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated, all filings pertaining to attorney Anthony Scott Marlow's should be refused due to the intentional act of deceit by filing multiple motions. Due to the no compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access.

3.456.     The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.457.     May

3.458.     5/1- Anthony Scott Marlow filed another notice of the court to be heard non-oral without proper service 5/9 9 am

3.459.     Notice of court (judges) (notice for hearing) (nthg) dated 5/1/2019 Parenting plan signed by chiae wilder 5/3/2019.

3.460.     Child support work sheets 5/3/2019

3.461.     Motion for motion quash & order for restraining/protection order and order or permanent injunction order 5/6/2019.

3.462.     Clerks' minutes judicial officer: Melinda S Johnson Taylor, bailiff: Regina Harkins, court clerk: Romona Harkins 5/9/2019

3.463.     Temporary parenting plan proposed by attorney Anthony Scott Marlow (respondent's attorney) 5/9/2019

3.464.     Temporary child support (tmors) 5/9/2019

3.465.     Temporary family law order (tfo) proposed by attorney Anthony Scott Marlow This was set for a non-oral argument with judge Matthew Williams.
3.466.     (respondent's attorney) 5/9/2019

3.467.     Notice for court hearing dated 5/17/2019 set for 5/29/2019.

26

3.468.      Declaration of plaintiff in support of motion quash & order for restraining/protection order and order for permanent injunction order.

3.469.      Confirmation of issues and certificate regarding mediation proposed by attorney Anthony Scott Marlow

3.470.      On May 3, 2019, the court erred by denying the petitioner due process, proper notice was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated.

3.471.      All filings pertaining to attorney Anthony Scott Marlow's should be refused due to the intentional act of deceit by filing multiple motions.

3.472.      Due to the non-compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access.

3.473.      The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.474.      The respondent's attorney Anthony Scott Marlow filed a signed notice of hearing, nature of motion: a motion for CR 35 examination was set for argument on May 3, 2019 9:00 am, Friday, with oral argument noted with Matthew Williams.

3.475.      Notice form footnote "notice of court date-Kent reginal justice center only judges knt 10/10/14", attorney Anthony Scott refused to properly service me documents, in an appropriate amount of time to be able to respond to the motions. I never received the documentations: attorney Anthony Scott Marlow intentionally denies me with the court my due process rights.

3.476.      On May 1, 2019, the court erred by denying the petitioner due process, proper notice.

3.477.      Was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated.

3.478.      Due to the no compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access.

3.479.      The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.480.      The respondent's attorney Anthony Scott Marlow filed and signed notice of hearing, nature od motion: a motion for CR 35 examination on May 9, 2019 9:00 am, Monday-Friday without oral argument, with judge Matthew Williams.

3.481.      Attorney Anthony Scott Marlow, refused to properly serve plaintiff documents, in an appropriate amount of time to legally be allowed to respond to the motions, nor do i agree to any non-oral life affect/effect motions without argument.

3.482.      Attorney Anthony Scott Marlow intentionally denies me with the court having full knowledge my due process rights.

3.483.      On May 9, 2019, the court erred by denying the petitioner due process, proper notice was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated, all filings pertaining to attorney Anthony Scott Marlow's should be refused due to the intentional act of deceit by filing multiple motions.

3.484.    Due to the no compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access. The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.485.    Temporary orders were entered mutual restraining order was granted by Melinda Johnson Taylor

3.486.    On May 9, 2019, the court erred by granting a restraining order, then terminating the same protection order, which are void for unconstitutional vagueness, violation of due process, proper notice was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated, all filings pertaining to attorney Anthony Scott Marlow's should be refused due to the intentional act of deceit by filing multiple motions.

3.487.    Due to the no compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access.

3.488.    The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.489.    On May 9, 2019, upon the petitioner's motion. Judge Melinda Taylor Johnson granted a mutual order without attorney Anthony Scott Marlow submitting a motion that led to the split of residence.

3.490.    In conclusion of law, the court found the parenting plan entered is in the best interest of the children. In addition, the children were ordered to remain with the petitioner primarily and the father pay child support. Maintence was a request, commissioner Melinda Taylor Johnson declined to use the petitioner's forms.

3.491.    Commissioner Melinda Taylor Johnson denied maintence; basis "not enough money to go around." A court appointed casa was appointed.

3.492.    On May 9, 2019, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.493.    Thus, the court did abuse its discretion by ordering granting a protection order, reversing decision in the same order, when the petitioner and children were and still are victims of emotional abuse, physical abuse, mental abuse, verbal abuse, financial abuse, denial of nature rights, abuse at the hands of the respondent.

3.494.    Also abuse encouraged by the respondent's (respondent/respondents mother identify as traditional Korean) direction to both parties' friends, family, colleges, court officials, public servants.

3.495.    Commissioner Melinda Taylor Johnson ordered the casa shall gather information and report as follows: all issues related to deciding who the legal parents are for these children, domestic violence of petitioner and respondent, mental health issues of petitioner, prior cps interim report requested addressing children's safety in mother's care, by august 29, 2019.

3.496.    Court ordered appointing family law casa, signed on May 9, 2019, by judge Melinda Taylor Johnson, attorney for respondent, Anthony Scott Marlow, and the petitioner.

3.497.    Temporary parenting plan signed May 9, 2019, other details, section 6. Dispute resolution-dna, section 7. Custodian, mother solely section 12.

3.498.    Transportation arrangements- other details (if any) whoever has residential time shall have use of the SUV.

3.499.     14. Other- mother shall continue to take medication and be compliant with treatment if any. This order is reviewable upon receipt of casa reports and/or receipts of mother's medical records.

3.500.     Temporary family law order signed on May 9, 2019 by commissioner Melinda Taylor Johnson, attorney for respondent, Anthony Scott Marlow, and plaintiff.

3.501.     Plaintiff had no acknowledgment that abusive litigation was taking place, at the time of her signing.

3.502.     The temporary family law order section 13 (x)- the court signed the temporary restraining order filed separately in this case number, (x) any earlier restraining that remains (name) chiae wilder signed by the court in this case number is terminated.

3.503.     14. Other temporary orders (if any) neither party shall disturb the peace of the other.

3.504.     Neither party shall use any illegal drugs, marijuana prior to or during residential time. And this order violated the children from prior relationship, that the respondent is not the biological father.

3.505.     The court erred by violating a gag order on behalf of the plaintiff's son C.H. B/d 02/20/2006.

3.506.     On May 17, 2019, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.507.     Thus, the court did abuse its discretion by denying order of protection and grant the respondent access to mental records, when the petitioner and children were and still are victims of emotional abuse, physical abuse, mental abuse, verbal abuse, financial abuse, denial of nature rights, abuse at the hands of the respondent.

3.508.     Also abuse encouraged by the respondent's (respondent/respondents mother identify as traditional Korean) direction to both parties' friends, family, colleges, court officials, public servants.

3.509.     The petitioner filed a notice of hearing, nature of motion, motion to quash subpoena and for restraining /protection order for permanent preliminary injunction order, on May 29, 2019 without oral argument.

3.510.     June

3.511.     6/19-re: homeowners association, king county court allowing them to encroach property, withhold insurance information and not pay for damages. A complaint was filed to the attorney general's office and the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff in the dissolution matter as well.

3.512.     Text:

3.513.     June 2, 2019 5:72 pm- in text Nathaniel asks "hey April, did you schedule the removal of the impala?"

3.514.     June 8, 2019- Nathaniel harassed me so much about the vehicle that was involved in a car accident. He refused to stop harassing me about getting the car towed. Nathaniel did not understand that the insurance company needed to deem it totaled. I had to call the police department to have the vehicle towed.

3.515.     June 15, 2019 Nathaniel: "hey April, are you waking your dogs? They are in your front lawn.

3.516.     Me: yeah we are going for a walk

29

3.517.   June 22, 2019 hey April, i hope you had a good day. Thanks for helping with the yard earlier.

3.518.   Me: no problem. Cavele and i always have amazing weekends when it is just him and i. And his friend chris.

3.519.   Nathaniel: super good kid. I think he could be a good student if he focused. Kept away from the bad influences. His younger friends seem nice.

3.520.   Me: yeah this year i'm going to tighten up the reins.

3.521.   Nathaniel: i think he needs structure. In a loving manner.

3.522.   Me: i always talk to him and chris, i can ask them to do anything and they do. His friend spend 90percent of his time here with vele and i.

3.523.   Nathaniel: who's vell?

3.524.   Me: cavele

3.525.   Nathaniel: i'm bad with names

3.526.   Me: i call him vele

3.527.   Nathaniel: oh got it.

3.528.   Me: he is a good kid

3.529.   Nathaniel: he has always been a good kid. I did stupid things when i had bad influences, and i like to think i was a good kid. I do not want to mention those on text since they would be recorded. The things i did. My kids act out and they actually like it when we sit them in time out and take away their things since they know they have loving parents in control because they are loved.

3.530.   Me: cavele has his age appropriate moments

3.531.   Nathaniel: kids will do things when they want to be accepted. Our kids will be in music and sports for that reason. Their acceptance will be related to being good at instruments grades and sports. Hopefully, Nadia is not too old to start soccer. One reason i got good grades in college was because my friends had around 4.0 gpas or higher in high school and college and i wanted to be their peers. They were driven and i wanted to be in the same boat as them.

3.532.   Me: what's funny is arreyanna has done the most regarding music, dance, taekwondo, sports and what not and she is the one that acts the least disciplined because her father is lawless.

3.533.   Nathaniel: gotta keep them away like the plague from bad influences.

3.534.   Me: james played football, golf, taekwondo and i don't know. Yeah.

3.535.   Nathaniel: some kids in the neighborhood are kicking down the fence in the park. For the record, i know cavele wouldn't do that. Mark replaced part of it and one of the replacement boards was broken again. But that means there are negative influences in the neighborhood. I am going to setup an hoa meeting and the criminal malicious mischief is going to be one of the topics we will talk about a community. I'm not a fan of mark's wife by the way, but keep that private. Our goal is to setup hidden cameras and catch them in action, then provide the evidence to the police.

3.536.   Me is that the couple one the side of you

3.537.   Nathaniel: i have to play friendly with them since they or the russians will likely be the ones installing the cameras we need. So we need to keep our enemies close. Yes, ma'am. The russian guy is actually very nice. I think he's on the spectrum. I didn't control myself when she got under my skin today. I reflects poorly on me, so i will be praying and working on that. Basically limit all your interactions with her and her family to the hoa meetings and don't interact directly. Do it via recommendations that get voted on by the members that show up to the meeting. It's the only way to change things. She's a latina col stinkmeaner.

3.538.   Me: yeah the russian guy minds his business. That liar next to you, is a racist beeeeeep

3.539.   Nathaniel: oh i don't doubt it. Part of my multicultural exposure has been seeing racism everywhere from every walk of life

3.540.   Me: when she lied to the police, i about died lol i was looking at her and her drunk trashy daughter smhy. Gog isn't it ugly

3.541.   (our conversation went on)

3.542.   June 22, 2019 9:36 pm- in text Nathaniel stated "basically, limit all your interactions with her and her family to the hoa meetings and don't interact directly."

3.543.   June 25, 2019- Nathaniel: but it'll be a tight rope walk with the neighborhood next to the park. I'll have to test my own patience. Maybe we can have a mock meeting where you try to rile me up.

3.544.   Me: we should just sell their house under their noses lol release roaches in the house lol

3.545.    Nathaniel: we need everyone that votes to be won over. I know you are kidding, but we have to play friendly. I think the asians who don't want to spend a dime may be harder, actually.

3.546.    Me: yeah they have actually been quiet.

3.547.    Nathaniel: i have to give a cost benefit analysis presentation. The wife next door just wants to annex the park. She got emotional defending her right to the park she doesn't own.someone from the city told her she could legally annex it.

3.548.    Me: yeah well she's something else

3.549.    Nathaniel: we should send the city a thank you card for suggesting that. Like they want to screw up the city for homeowners. The people paying for the city budget wants to wreck havoc. Want

3.550.    Me: well then well do possession is 9/10th od the law and she won't have anything. We'll send our secret weapon james over there lol

3.551.    Nathaniel: didn't word that right

3.552.    Me: laughing emojis

3.553.    Nathaniel: man. He can camp out in the garden they are trying to steal.

3.554.    June 27, 2019-i sent Nathaniel a picture of marks dog out at the park. Adrian called the police on me; i wasn't residing at the house at that time and got blamed. But she didn't call the police on this neighbor.

3.555.    Nathaniel: April, did you hear a loud boom? I am not sure if it was due to fireworks or if it was a gunshot

3.556.    Me: fireworks

3.557.    Nathaniel: okay thank you. I am on edge here

3.558.    Me: lol me too. But i know the difference

3.559.    Nathaniel: ahh, see, i just fire from shotguns

3.560.    Me: if you see me doing the night crawl lol better join but this is the time of year people can easily blend a gun shot

3.561.    Nathaniel: that and m-16s and ak-47s in the backwoods. Ironically the heavy stuff is with Mexican americans. They love automatic weapons

3.562.    Nathaniel: i hate being judgmental on the bus, i know i'll get judged for it, but i miss just riding with people trying to work hard for a living

3.563.    June 29, 2019 Nathaniel: don't forget church tomorrow. We're leaving by around 10 am. Thank you, i hope it's enjoyable.


3.564.    6/6-notice of appearance ann-marie Croy

3.565.    Clerk's minutes judicial officer: Tanya thorp, bailiff: Regina Tugublimas, court clerk: Romona Harkins 6/17/2019,

3.566.    Appearances: petitioner Abryel Michole-Meena Wilder is not present

3.567.    Respondent Chiae Michael Wilder is not present, represented by Anthony Scott

3.568.    **7/8- clerk's minutes judicial officer: Tanya Thorp, bailiff: Nishi Shankar, court clerk: Carlotta Scott 7/8/2019**

3.569.    **Anthony Scott Marlow (respondent's attorney) petitioner signed 7/8/2019, Anthony Scott Marlow also put disputed when judge thorp told him not too. Anthony Scott Marlow has no respect. If in fact Marlow states that this area was in fact disputed in front of judge thorp, and the dates are in question. The judge should be allowed to be subpoenaed.**

3.570.    **Attorney Anthony Scott Marlow signed 6/17/2019**

3.571.      **This is Anthony Scott Marlow illegally altering the legal documents for personal gain, for him and his client Chiae Malik Wilder**

3.572.      Proposed orders for motion to quash & order for restraining/protection order and order for permanent injunction order 6/23/2019

3.573.      Clerk's minutes judicial officer: Matthew Williams, bailiff: Lisa Zimnisky, court clerk: Lonnie Berger 6/24/2019 petitioner's motion to quash subpoena and protection is granted in part/denied in part. Denied as to the petitioner's motion to quash subpoenas. Granted as to petitioner's motion for protection order.

3.574.      Order on civil motion 6/24/2019

3.575.      6/25-confirmation of issues and certificate regarding mediation

3.576.      July

3.577.      Re: homeowners association, king county court allowing them to encroach property, withhold insurance information and not pay for damages. A complaint was filed to the attorney general's office and the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff in the dissolution matter as well.

3.578.      Text:

3.579.      July 5, 2019 Nathaniel: hey April, do you want to rent out the basement? It would probably be short term until everything is figured out, but our gardener is recently homeless. He found out on a short notice and does not feel he has enough time to apply for housing for his family.

3.580.      Me: i gotta talk to mike

3.581.      Nathaniel: okay, no worries. Even if you could provide advice on how he can act quickly, it would be helpful.

3.582.      July 7, 2019– in a text Nathaniel stated "i will let Adriana do the talking so i don't come across as controlling, but man, there are millions of opportunities to not be in this situation for him."

3.583.      July 12, 2019 Nathaniel: could you keep an eye out for our house while the floors are being stained this weekend.

3.584.      July 13, 2019 Nathaniel: i am becoming more familiar with Mexican timelines. Manana means in two to three weeks. Over the weekend means in two to three months. But hey, the job does get done eventually.

3.585.      July 20, 2010 Nathaniel: hey April, we have a mini emergency where we need to borrow a hair dryer. Could we borrow one, assuming you have one?

3.586.      Clerk's minutes judicial officer: Tanya Thorp, bailiff: Nishi Shankar, court clerk: Carlotta Scott 7/8/2019

3.587.      Anthony Scott Marlow (respondent's attorney) petitioner signed 7/8/2019,

3.588.      Attorney Anthony Scott Marlow signed 6/17/2019.

32

3.589.    On July 8, 2019, confirmation of issues and certificate regarding mediation, signed by attorney Anthony Scott Marlow dated 6-17-19 and the petitioner July 8, 2019. Anthony Scott Marlow wrote disputed next to "petitioner has yet to receive a copy of response by respondent & lawyer." This was written without the consent of the judge and the petitioner. Contact information section- the petitioner corrected, and chiae wilder's contact information is 253-455-5270

3.590.    August

3.591.    Re: homeowners association, king county court allowing them to encroach property, withhold insurance information and not pay for damages. A complaint was filed to the attorney general's office and the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff in the dissolution matter as well.

3.592.    Text:

3.593.    August 8:43 am- in a text Nathaniel stated "if you speak to the police, let them know i am willing to trespass the man as president."

3.594.    Me: i appreciate it, i was going to mow the yard and was like omg

3.595.    Temporary family law order signed august 6, 2019, filed September 9, 2019.

3.596.    Matthew Williams. This is a legal form that was altered; withheld from the petitioner, with several other legal documents and court dates. Abusive litigation. Being that judge Matthew Williams signed this legal document but it was filled on the 9th of September and there was a hearing set for non-oral argument on the 9th of September plaintiff has the right to question Matthew Williams. This is the same temporary family law order for that Anthony Scott Marlow keeps using and the judges and commissioners accept this form.

3.597.    Casa Siva surya report signed august 22, 2019, filed August 26, 2019.

3.598.    Federal way police report case number 190010567

3.599.    8/28- Anthony Scott Marlow filed notice of court date, failed to serve plaintiff dated 9/5

3.600.    Family law clerk minute's commissioner: Nancy Bradburn Johnson, coordinator: Korey Knuth, court clerk: Karla Gabrielson, Royann mercado Perez 8/29/19

3.601.    Order continuing hearing to 9/16/19, filed 8/29/2019.

3.602.    Clerk's minutes judicial officer: Matthew Williams, bailiff: Lisa Zimnisky, court clerk: Lonnie

3.603.    On august 6, 2019, the court erred by denying the petitioner due process, proper notice was not given; the respondents attorney Anthony Scott Marlow intentionally refused to follow through with proper service, children's due process rights were violated, all filings pertaining to attorney Anthony Scott Marlow's should be refused due to the intentional act of deceit by filing multiple motions. Due to the no compliance of the judge's bailiff and judges, access to all documents, recordings are also being denied access.

3.604.    The filings do not comply with the original filing form, form have been altered for benefit of filer and the respondent.

3.605.    The court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary. Temporary family law order section 2- "petitioner did not respond to this motion." Initialed by judge Matthew Williams. Section 14. Other- "petitioner shall undergo mental health, substance abuse, and domestic violence evaluations, with

33

collateral contacts and review of the court file and shall comply with all treatment recommendations therefrom." This order was filed 2019 September 09.

3.606.    Re: homeowners association, king county court allowing them to encroach the property, withhold insurance information and not pay for damages. A complaint was filed to the attorney general's office and the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff in the dissolution matter as well.

3.607.    September 10, 2019- plaintiff went to go my lawn and could not; plaintiff pulled lawn mower out and proceeded to the backyard and found a large quantity of wood on our property.

3.608.    This was before Nathan peters and Adriana Tejeda had become president and vice president of the homeowner's association.

3.609.    The two of them had no problem communicating then and moved the wood off our property. Nathan peter and Adriana Tejeda had not asked to gain access of our property. Had hired a Hispanic gentleman to remodel their backyard balcony.

3.610.    King county court keeping me from my own property by issuing a restraining order to help the H.O.A. to keep the property. Chiae Wilder did nothing.

3.611.    Nathaniel: the wood has been moved. I told Adriana to make sure they know which side of the backyard they should put things on

3.612.    Casa letter 9/5/2019

3.613.    Berger 9/16/2019

3.614.    Clerks' minutes judicial officer: Melinda s Johnson Taylor, bailiff: Regime Tugublimas, court clerk: Carlotta Scott 9/16/2019

3.615.    Order continuing hearing to 9/30/2019, filed 9/16/2019.

3.616.    Declaration and response by petitioner to supervised visitation and motion filed 9/16/2019.

3.617.    9/16/2019- judicial officer Matthew digital recorder dr 3b dept 41- child abuse brought to the court's attention once again, attorney Anthony Scott Marlow, ann-marie Croy and chiae wilder deny allegation. Anthony Scott Marlow, ann-marie Croy and chiae wilder.

3.618.    Order on family law motion 9/30/2019

3.619.    Declaration in reply/updated report of Siva surya, family law casa advocate dated September 26, 2019 not signed.

3.620.    Clerk's minutes judicial officer: pro team Mark Gouras, bailiff: Korey Knuth, court clerk: Carlotta Scott 9/30/2019

3.621.    Clerk's minutes judicial officer: Matthew Williams, bailiff: Lisa Zimnisky, court clerk: jullian Johnson

34

3.622.    Clerk's minutes judicial officer: comm. Johnathon lack, bailiff: Regina Tugublimas,

3.623.    9/30- review hearing pro temp Mark Gouras dept- casa review, fathers child support obligation shall be suspended. Children shall be placed with the father. Mother shall have a mental health evaluation. Mother shall have supervised visitation per this order. There shall be no corporal punishment with children. Signed

3.624.    On September 9, 2019, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.625.    Thus, the court did abuse its discretion by ordering granting a protection order, reversing decision in the same order, when the petitioner and children were and still are victims of emotional abuse, physical abuse, mental abuse, verbal abuse, financial abuse, denial of nature rights, abuse at the hands of the respondent.

3.626.    Also abuse encouraged by the respondent's (respondent/respondents mother identify as traditional Korean) direction to both parties' friends, family, colleges, court officials, public servants' casa Siva surya issued a report on august 22, 2019, casa Siva surya found many cps investigations against the petitioner for abuse of my children.

3.627.    Casa Siva surya did not find one intake regarding chiae wilder, respondent. Casa Siva surya recommended the children be placed primarily with the father and that the petitioner; the mother has supervised visits. Casa Siva surya also recommended that the mother submit to a mental health evaluation.

3.628.    Casa Siva Surya intentionally withheld information about chiae wilder's history, casa Siva surya had pictures and a video of the abuse chiae wilder had done to our child N.R.S.W. and a video of chiae wilder being enraged.

3.629.    Casa Siva surya also intentional withheld information regarding their client chiae wilder. Dominique Shannon's supervisor of casa Siva approved his report with signature on coversheet.

3.630.    The court erred denying the petitioner procedural due process rights were violated because the respondent's attorney and court official Anthony Scott Marlow refused to serve on to the petitioner the correct forms with the proper and correct current date with all attached exhibits, nor did the petitioner have an opportunity to participate in this September 9, 2019 hearing. Thus, the court did abuse its discretion by ordering granting a protection order, when the petitioner and children were and still are victims of emotional abuse, physical abuse, mental abuse, verbal abuse, financial abuse, denial of nature rights, abuse at the hands of the respondent.

3.631.    Also abuse encouraged by the respondent's (respondent/respondents mother identify as traditional Korean) direction to both parties' friends, family, colleges, court officials, public servants. Judge Williams the mother to submit to a mental health evaluation, attorney Anthony Scott Marlow declares this in his brief, signed 5th day of March 2020.

3.632.    On September 16, 2019, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.633.    The court refused to do a parenting plan or order any form of spousal support to the petitioner. Attorney Anthony Scott Marlow refuses to provide any money that he has received as well as Chiae withholding all the account information and changing accounts against the court order.

3.634.     The plaintiff allowing the court to know that he had endless access to Chong's account because they had a joint account. And allow the trial court to know the three children have a savings account as well that was located at Wells Fargo.

3.635.     October

3.636.     10/1- plaintiff filed a motion to disqualify judge Matthew Williams.

3.637.     10/2- filed a complaint with the Fife mayor.

3.638.     "on 3/15/2019 Lauren petitioned for an order for protection against Cameron Cromoga, case no. 19-2-00778-3.

3.639.     Lauren is petitioning as a victim of domestic violence.

3.640.     Lauren provides the court with 3 case numbers 1905101839, 1900651909, 1907300961.

3.641.     Asking that the court grant the protection order not only for her but as well as the minors, restraining Cameron from her home and i believe her workplace.

3.642.     Lauren's address is 3561 e i street Tacoma, WA 98404

3.643.     This is the house her, Cameron, their 2 children and her child from a previous relationship resided. And Cameron spent most of his night still while this order was granted.

3.644.     Lauren in her petition and declaration stated Cameron called her and told her Ashanae his girlfriend wanted to fight her.

3.645.     Lauren admitted on the 14th of march that she in fact with her friend knocked on Ashanae' s door and there wasn't an answer.

3.646.     In Ashanae pierce county petition for protect an anti-harassment order case number #9z624706a

3.647.     3/18/2019 in Ashanae's' s declaration it states that Ashanae's was staying at my house over night as well as during the day.

3.648.     States that Cameron does not reside at her residence.

3.649.     Lauren lied to the dispatch stating that Ashanae's and her made contact at no point of time did they make contact. It was me questioning Lauren without threats.

3.650.     Due to Ashanae's recording me for our safety because Lauren appears to be mentally unstable and out of control with history of lying and is currently my belief, she is on an out of state probation program being allowed to act this way. 13-1-01901-1 defendant

3.651.     Lauren in her petition also placed an x in the box that respondent did not have a gun but the dispatch report says that she stated on 2 different occasions that Cameron in fact had 1 one of the times and 2 a second but i have footage that states that Lauren denies telling law enforcement that she informed them that there was guns.

3.652.     Lauren also declares that she did not want to live at some point and was under medical care.

3.653.     Fife police responded to the call that Ashanae's had made we did not know that the department had in fact received 2 calls until the end of the conversation when we had asked them for an incident number to be able to attach to the anti-harassment that Ashanae's was in the process of finishing.

3.654.     The officers had told Ashanae's and i that they did not plan on making a report on our behave because Lauren was in fact the victim.

3.655.     Ashanae's address at that time was 6603 20th street East #3 fife, Washington 98424.

3.656.     Lauren had admitted to the officers based of their 4/1/2019 report that she only drove through to get the address.

3.657.     But in the 3/15/2019 declaration that was provided to the pierce county courthouse that in fact she not only knew the address but in fact knocked on the door. Because Cameron told her Ashanae's wanted to fight her.

3.658.     So, either the police are coaching Lauren, lying without Laurens's knowledge or they are working at a unit.

3.659.     This is alarming being that when we tried to have Lauren served, they refused to go as far as to see if the children were in fact alive. They went of the word of the father. No one went out of the way to try a second time a third time a fourth time and then to lie and then officer butler stated that she in fact served

Cameron but yet the peace officer that attempted service felt his service was not validated to were he said unable to serve.

3.660.    Michele's butler is nowhere on the video with having served Cameron but allows for him to get away with "smoking marijuana".

3.661.    Ashanae did not even receive a ticket for littering.

3.662.    The Tacoma police department, fife police department, Lauren, Ashanae's and others should be charged responsible for interference with service process.

3.663.    Fife police department violated the right for me to be protected and placed me as an aggressor.

3.664.    The department has tried to scare me into writing a false statement against Ashanae's.

3.665.    The same statement that they had Ashanae's write is the same questions that they had asked me.

3.666.    I qualify for a public defender, Ashanae's does not qualify for a public defender.

3.667.    Ashanae and Cameron were in fact living together, this puts their income including food stamps over income qualifications.

3.668.    I did mine application before Ashanae's, counsel denied me representation.

3.669.    Instead the assigned counsel continued illegally representing Ashanae's, i never received a withdrawal notice from the first counsel.

3.670.    The council did not provide the new counsel with any information to be able to accurately represent me at my next court date.

3.671.    The council did not provide me with any contact information or did any counsel try to reach out to me.

3.672.    The new counsel Tracy has refused to do subpoenas or work on getting my charges dropped.

3.673.    The counsel has just recently emailed me a motion to withdrawal and has done absolutely nothing to prove my innocence.

3.674.    The department assigned me with a new counsel, when Ashanae's should have never been represented by the public defender in the first place.

3.675.    Ashanae works at AT&T 20800 state route 410 E Bonney lake, WA 98391 (253) 862-6710

3.676.    The officer's where being biased as i stated in the video and in their own declaration that they had provided for the prosecutor.

3.677.    The prosecutor proves that they find that Lauren is in fact a victim and that i am the abuser or person that can cause harm by asking the judge to place a no contact order on me protecting Lauren from harm.

3.678.    I have not ever done one thing to Lauren but in fact Lauren has been the aggressor and the city of fife have failed in doing their job or honoring what they state they stand for.

3.679.    The fact that they labeled Ashanae's "black" because of her ignorant behavior, not one time was i disrespectful to them.

3.680.    The fact that they labeled me "black" is highly disturbing being that i am Mi'kmaq which is Canadian native and creole.

3.681.    The fact that the officers did not at any time ask me for identification but stole my information from the records department is unethical.

3.682.    The officers waited until i came into the police department for a second time to file a complaint and retaliated.

3.683.    The officers provide false information to the prosecutor, then the prosecutor as well presented to false information to the judge trying to file a charge for false statement.

3.684.    But the officers in fact have provided the prosecutor with several false statements in a sworn statement.

3.685.    The officers had even gone as far as lying about my residents.

3.686.    The officers jeopardized my life, the safety of myself and my children.

3.687.    If Ashanae's did not tell me that i had a court date, i would have gotten warrant.

3.688.    There are several factors that have not even been put into this complaint.

3.689.    The term bias refers to the tendency of the person to favor one thing, idea, or person over another.

3.690.    In a legal context, bias can lead an individual, such as a judge or juror, to treat someone unfairly, in spite that the hearings and trials are designed to be unbiased assessments of the facts of a case.

37

3.691.      Also, Michelle Butler signed that she in fact served Cameron with the temporary protection regarding Lauren Lozada but the officer that was holding the papers was the one that signed that he was not able to serve Cameron.

3.692.      This shows just how ruthless and unethical the city of fife can be, it is not a secret that people of color avoid the department because it is said and has proven to be racist and this is sad.

3.693.      I am in court for a custody matter; my current husband beat one of our children, this charge popped up as well and this could place my children in harm's way.

3.694.      The officers have made me out to be a liar and the fact that they take an oath; they have proven to not be able to be fair, they have proven to look out only for their own kind and "black" clearly is what they concern to be guilty based off the color of one's skin.

3.695.      What concerns me is that i have dealt with unethical behavior from the public defender's office and i feel as if this is what is taking place once again. I know that the attorney's talk and rotate but the fact that the attorney feels that my innocence and freedom is not important that she has to withdrawal from my case because it is more important for a prosecutor to get a conviction, is sad.

3.696.      I have been trying to get my documents from my assigned counsel and have had no luck but i have attached screen shots to support my claims.

3.697.      Abryel wilder
3.698.      32328 7th ave SW
3.699.      Federal way, Washington 98023
3.700.      (253) 880-7150"

3.701.      10/4- Anthony Scott Marlow objected to notice to disqualify.

3.702.      10/7- judge Matthew Williams denying plaintiffs motion to disqualify.

3.703.      10/22- Ann-Marie Croy filed notice of court non-oral argument to dismiss herself, yet appeared in judge Matthew Williams court and did not tell me she filed a non-oral argument to dismissed from the hearing.

3.704.      The Judges and Anthony Scott Marlow are still using her report and Siva Surya has not appeared in one court proceeding.

3.705.      10/31- judge Matthew Williams pre-trial motion hearing casa dismissed from the case dept 41.

3.706.      November

3.707.      11/2 chiac wilder files a false police report on plaintiff

3.708.      11/4 order to go to court for contempt hearing and clarification judge Mark Hillman crossed out terminate temporary orders and transfer the custody back to the mother and petitioner Abryel Wilder. Asking the court to strike casa and casa attorneys recommendations due to failure to comply with the order to do a full and fair investigation. Orders signed on 5/9/2019, 07/08/2019, 08/06/2019, 8/28/2019, 09/16/2019, and 09/30/2019.

3.709.      Letter dismissing claim filed 11/2/2019, against the Lakewood Police department 19L002020 LKM dismissed 11/7/2019.

38

3.710.     Washington Cities Insurance Authority 11/7/2019.

3.711.     Lakewood Police Officers made a false arrest.

3.712.     Lakewood Police Officers filed false police reports.

3.713.     Lakewood Police Officers illegally seized plaintiff's phone.

3.714.     Chiae Wilder made a false statement to the police and no charges were filed against him.

3.715.     Lakewood Police kept plaintiff in Court over 11 months trying to get the plaintiff to plead guilty.

3.716.     Lakewood prosecutor dismissed the case October 10, 2020.

3.717.     Denial of contempt order signed  11/21/2019.

3.718.     Court clerk: Kassie Smith 11/21/2019

3.719.     11/15- notice for intent to obtain records and physical evidence re: complaint no: 19|2020
           subpoena duces tecum–denied.

3.720.     11/21-commisioner Jonathan Lack- denied contempt order.

3.721.     11/26-order on transfer of individual judge assignment

3.722.     11/29

3.723.     December

3.724.     2020

3.725.     January

3.726.     1/10- judge Matthew Williams trial continued, pretrial is continued to 3/16/2020. Outstanding
           issues for trial are rcw 26.09.191 allegations are indicated. Adr has been completed.

3.727.     1/20- request for the department of children, youth and family's records- Washington state refused
           to comply with subpoenas, disclosure process when it comes to the plaintiff.

3.728.     February

3.729.     Re: homeowners association, king county court allowing them to encroach property, withhold
           insurance information and not pay for damages. A complaint was filed to the attorney general's office and
           the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff
           in the dissolution matter as well.

3.730.     Text:

3.731.     February 27, 2020- Nathaniel: April, it looks like there are multiple dog droppings that need to be picked up.

3.732.     Me: in my yard? Because the dog is always on a leash

3.733.     Nathaniel: yes, ma'am. I smelled it while walking back from the mailbox. No clue whose they are.

3.734.     Me: i'm doing it all this weekend, someone stole my pooper scooper

3.735.     Nathaniel: thank you.


3.736.     March

3.737.     3/16-respondent second supplemental notice of er 904 submission

3.738.     3/18-respondent second supplemental notice of er 904 submission

3.739.     3/19-notice of disappearance filed by Anthony Scott Marlow

3.740.     July

3.741.     Re: homeowners association, king county court allowing them to encroach property, withhold insurance information and not pay for damages. A complaint was filed to the attorney general's office and the city issued a protection order against plaintiff. Anthony Scott Marlow has used this against the plaintiff in the dissolution matter as well.

3.742.     Text:

3.743.     July 26, 2020- in text Nathaniel asked "can i steal your internet?"

3.744.     July 3, 2020- Plaintiff went to go mow our yard that Plaintiff have been mowing 8 plus years; i mowed over rocks that have been moved into our yard by Adriana and Nathaniel. Plaintiff had informed Adriana and Nathaniel; Nathaniel pushed me to Adriana. Plaintiff allowed her to know that Plaintiff had received injuries due to the uncontained rocks, Adriana said that she was going to remove them and still refuses to. Adriana told me that those rocks have been there. This is not the truth. Adriana has been making ongoing alterations to the outside of the house.

3.745.     November

3.746.     11/3 Anthony Scott Marlow filed another non-oral argument motion to consolidate with Aimee Sutton- failed to serve.

3.747.     11/3 Anthony Scott Marlow filed another nonoral argument motion consolidating with multiple judges failed to serve.

3.748.     11/5 Anthony Scott Marlow filed a respondent's supplemental notice of er 904 submission.

3.749.     11/25- Tianni Shane Harrison filed a notice to the court to quash subpoenas dated 12/7 non oral argument- plaintiff did not agree.

3.750.     11/25-order denying motion to consolidate invalidity 20-3-04554-4

3.751.     November 3, 2020, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.752.      The court erred denying the petitioner procedural due process rights were violated in this frivolous filing because the respondent's attorney and court official Anthony Scott Marlow refused to serve on to the petitioner the correct forms with the proper and correct current date with all attached exhibits, nor did the petitioner have an opportunity to participate in this November 13, 2020 hearing.

3.753.      The respondent's attorney Anthony Scott Marlow filed notice for hearing, nature of motion: motion to consolidate, noted on the non-oral argument calendar, November 13, 2020; 9:00 am with judge Aimee Sutton, attorney Anthony Scott Marlow electronically signed, in section that provides the parties contact information, attorney Anthony Scott Marlow, intentionally provides the false contact information restricted my contact.

3.754.      Anthony Scott Marlow's motion to Consolidate is a frivolous motion, plaintiff had been divorced from Nelious Horsley since April 2014.

3.755.      Chiae Wilder, Anthony Scott Marlow, Washington state court (Washington) had received full knowledge of this before their filings and the judges intentional abuse of discretion.

3.756.      The attorneys/judges that have heard this matter have failed to investigate.

3.757.      The Tianni Shane Harrison quashing the subpoenas, when fraudulent acts and misconduct are evident to the eye, is Deprivation.

3.758.      Anthony Scott Marlow also did not rightfully service me the documents, nor would it be in a legally appropriate time to be able to respond, plaintiff was not in agreeance with this noticed non-oral argument. The petitioner purchased exhibit from the court records.

3.759.      November 5, 2020, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.760.      The court erred denying the petitioner procedural due process rights were violated because the respondent's attorney and court official Anthony Scott Marlow refused to serve on to the petitioner correct forms with the proper and correct current date with all attached exhibits, nor did the petitioner have an opportunity to participate in this November 25, 2020, motioned hearing.

3.761.      Royann Mercado Perez, paralegal to attorney Anthony Scott Marlow filed with the court respondent's supplemental notice er 904 submissions.

3.762.      On 25th day of November 2020, judge Janet M. Helson's attached electronic signature, order denying motion to consolidate, filed by the respondent's attorney Anthony Scott Marlow. The petitioner purchased exhibit from the court records. Allowance of a frivolous motion on judge Janet m. Helson's behalf.

3.763.      On November 25, 2020, the court erred by acting in a manner that would cause a reasonable person to suspect bias and impropriety and reflected reflect poorly upon the judiciary.

3.764.      The court erred denying the petitioner procedural due process rights were violated because the respondent's attorney and court official Anthony Scott Marlow refused to serve on to the petitioner the correct forms with the proper and correct current date with all attached exhibits, nor did the petitioner have an opportunity to participate in this attorney Anthony Scott Marlow filed on the non-oral argument calendar for dec 2, 2020 to review a motion to shorten time and motion for consolidation of cases.

41

3.765.      On the contact for parties' section, attorney Anthony Scott Marlow intentionally provided false contact information, the respondent is ordered to pay a joint cellular bill, that has been provided to the respondent's attorney.

3.766.      The court erred by denying the petitioner money to address a personal matter Chiae fails to tell woman about his medical condition as well as risked the lives of the children with no remorse. Reserve the right to address due to privacy.

3.767.      The court erred by coercing settlement with the respondent and court officials denying the petitioner procedural due process, denying the petitioner participation, and keeping proceedings off the record, thus establishing an invalid contract.

3.768.      The trial court/courts erred by ordering the children be placed in the care of the respondent with full knowledge of the domestic violence history, the courts displayed rcw 9a.08.010 the officials rcw 4.12.050 court appointed casa chapter 5.60 rcw- competency-witness chapter 9a.08 rcw principle of liability.

3.769.      VIOLENCE AGAINST WOMEN ACT ("VAWA")

3.770.      18 U.S. Code Section 2261- Interstate domestic violence

3.771.      18 U.S. CODE CHAPTER 110A

3.772.      DV 3.015, ORDER OF PROTECTION

3.773.      December

3.774.      12/1- order re: consolidating cases. This is a frivolous motion.

3.775.      12/4- plaintiff filed notice of court date for Dismissal for invalidity, change of venue and shorten time dated for 12/9 denied.

3.776.      12/7- Aimee Sutton-order granting king county's motion to quash subpoenas duce tecum.

3.777.      2021

3.778.      January

3.779.      Re: no. 99342-4, civil case, in the supreme court of the united states on the notice:
3.780.      Motion for an order for discretionary review Indigency/motion for an order for expenditure of public funds to file for a discretionary review to supreme court of the state of Washington.

3.781.      Motion for order of indigency for a discretionary review.
3.782.      Affidavit or declaration or statement in support of order motion for indigency/motion for an order for expenditure of public funds.

3.783.      On the notice:  motion for an order for extension of time within which to file a discretionary review to the supreme court of the state of Washington.

3.784.   Motion for order of a discretionary review.

3.785.   Affidavit or declaration or statement in support of order for motion for a discretionary review filed to the supreme court of the state of Washington.

3.786.   On the notice: motion for an order for extension of time within which to file a discretionary review to the supreme court of the state of Washington, motion for an order for extension of time within which to file a discretionary review.

3.787.   Affidavit or declaration or statement in support of order for motion for extension of time within which to file a discretionary review to the supreme court of the state of Washington.

3.788.   Dissolution issues

3.789.   Washington state statues, regulations, and agencies

3.790.   In previous of capital punishment cases before this court, to wit:

3.791.   United states constitutions

3.792.   Chronological timeline with orders legal-orders included within

3.793.   The supreme court letter sent by email, December 22, 2020, by Erin L Lennon, supreme court deputy clerk.

3.794.   On the following:

3.795.   Temple of justice by priority mail 15 January 2021.

3.796.   P.O. Box 40929, Olympia, Washington 98504-0929

3.797.   King county superior court by hand delivery 19 January 2021

3.798.   401 4th avenue n, room 2d, Kent, Washington, 98032

3.799.   Anthony Scott Marlow- attorney for respondent

3.800.   Royann mercado Perez-paralegal for respondent

3.801.   Envision family law group by hand delivery 19 January 2021.

3.802.   1201 Pacific Avenue, suite #1503, Tacoma, Washington 98402

3.803.   Chiae malik wilder by hand delivery 19 January 2021
3.804.   10901 103rd avenue CT SW, Lakewood, Washington 98498

3.805.   I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

3.806.   Executed on 19 January 2021

3.807.   February

43

3.808.    2/11-notice of court date exparte commissioners-Kent- 2pm calendar for 2/12

3.809.    2/11-declaration by plaintiff

3.810.    2/11- notice of court date family law commissioners calendar march noted for 2/26

3.811.    2/11- at 3:48 pm Nadia Camille Simpson refused to take my working copies as the instruction sheet states to email the copies to scexparteorder@kingcounty.gov but the county accepted Anthony Scott filings at 3:50

3.812.    2/11- Anthony Scott Marlow filed

3.813.    2/25-declaration and response and objection by abryel wilder

3.814.    2/25-aimee Sutton dept 49 status hearing in clerks' minutes it states that court waives adr

3.815.    March

3.816.    3/1-     objection to declaration of Anthony Scott Marlow 2/26

3.817.    3/3- expenditure for expenditure of public funds is denied by the Temple of Justice.

3.818.    3/4- pro temp Mark Gouras- received full knowledge that chiae wilder accepted service through Anthony Scott Marlow and was FTA for the am scheduled hearing. Transcripts provided; video provided.

3.819.    3/4- pro temp Jason Holloway- had full knowledge that chiae wilder was FTA for the morning court but appeared for his scheduled court. Granted chiae wilder's motion to vacate family home. Transcript provided; video provided.

3.820.    3/4- temporary family law order with no detailing. Order to kick plaintiff and child to the streets without no means.

3.821.    3/4- supreme court sent letter Erin Lennon- Supreme Court told Plaintiff to pay the fee or it will be dismissed 4/8.

3.822.    3/12 notice of court date- motion for reconsideration 3/18- Court refused to acknowledge the reconsideration. The court will not look at the motion.

3.823.    Chiae has written more than a few notes that provide his signature, that Chiae has not been capable of fulfilling but also reneged.

3.824.    Chiae and Chong had intentional lied in order to secure their assets the entire time abryel the home with chiae.

3.825.     Abryel was misled by Chiae and Chong who told her that she would be promised the money in order to open her own personal café, if in fact she sacrificed staying home with the children.

3.826.     A video and auto were provided to the trial court, the trial court refused to look at any evidence.

3.827.     The Washington state judges have notes from Chiae that state he would not force me out of the house.

3.828.     This is a personal matter Washington state is using Chiae Wilder to abuse their discretion and power to retaliate.

3.829.      That chiae wrote a note stating the children would live with abryel and that chiae would pay child support or other promises made.

3.830.     Melinda Johnson Taylor altered Chiae Wilder's income so Chiae would not be responsible for paying alimony.

3.831.     18 u.s.c.§1589. Forced labor.

3.832.     Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means- by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; by means of serious harm or threats of serious harm to that person or another person; By means of the abuse or threatened abuse of law or legal process; or by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d). Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d). In this section: the term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same Cir.

3.833.     Abryel was the person who kept the maintence and landscaping up on the lawn and garden.

3.834.     Abryel was responsible for mowing the grass, dumping the grass in the yard waste, pruning the bushes, planting grass seed as well as garden maintence.

45

3.835.      Abryel was the person who was responsible for any repairs or planning for the repairs to take place.

3.836.      Abryel was the person who was responsible for keeping the outside of the house cleaned just as well as the inside.

3.837.      Abryel was the person responsible for all the laundry, gathering the articles, washing folding, and putting away.

3.838.      Abryel was responsible for all the daily chores, cleaning a playroom, dining room, kitchen, three bathrooms, one downstairs living room, three bedrooms and one office that is used at times as a room.

3.839.      Abryel was the person responsible for keeping the back patio clean, garage, concreted driveway, and the yard free of dog waste.

3.840.      Abryel wilder was the person responsible for the children's medical and dental.

3.841.      Abryel was the person that was responsible for the pet medical and pet training.

3.842.      Abryel was the person responsible for the car maintence and keeping them clean.

3.843.      Abryel was the person that was responsible for the children's educational needs, parent teacher conferences.

3.844.      Abryel was the person that was responsible for waking the children up, making sure the teeth are brushed, hair is combed, faces are washed, clothed and lunches at times.

3.845.      Abryel was the responsible for taking the kids to taekwondo as well as picking them up.

3.846.      Abryel normally was present for the hour class.

3.847.      Abryel was the person responsible for getting one of the children to tae kwon do 2-3 times a day due to sparring.

3.848.      Abryel was responsible for cooking breakfast, lunch, and dinner, chiae came home for lunch 99% of the time.

3.849.      Abryel was the person that was responsible for the cleanup of abandoned items after the three oldest children would move out.

46

3.850.   Abryel was the person who was responsible for grocery shopping, accompanied with the three little ones and responsible for putting up the groceries.

3.851.   Abryel was the person responsible for buying every supply that was needed in the house.

3.852.   Abryel was the person that was responsible for emergency appointments, even for his mother.

3.853.   Abryel was responsible for preparing his grandmother's phone bill documents.

3.854.   Abryel was the person that was responsible for managing oldest sons appoints and documents that has a disability.

3.855.   Abryel was the person responsible for managing all their traditional Korean holiday parties and their Christian holidays also.

3.856.   Abryel was also responsible for representing herself pro se, the entire relationship i have been in court as chiae has witnessed.

3.857.   Abryel had rules, that were cancelled out by chiae because he informed the children "don't listen to her, it is my house." Chiae only when to work, played video games when he was home, signed up for a basketball game, participates in fantasy football,marijuana smoke sessions whenever his friends call, making rap beats and music with his friends.

3.858.   Abryel is not allowed any assistance; abryel had to apply for food stamps because the trial court felt she did not deserve to eat.

3.859.   Violations of United States and Washington laws

3.860.   That abryel had custody of her children removed without proving by an evidentiary standard that she had violated a law necessitating such a change is most assuredly unconstitutional.

3.861.   This type of control by review as ordered by the lower court which exerted such sweeping power was ruled against in Troxel v. Granville, 530 U.S. 57 (2000): we have recognized on numerous occasions that the relationship between parent and child is constitutionally protected. It is not within the province of the state to make significant decisions concerning the custody of children merely because it could make a 'better' decision.

3.862.   The fourteenth amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." we have long recognized that the amendment's due process clause, like its fifth amendment counterpart, "guarantees more than fair process." Washington v. Glucksberg, 521 U.S. 702 (1997). The clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." Glucksberg at 720.

47

The liberty interest at issue in this case - the interest of parents in the care, custody, and control of their children -is perhaps the oldest of the fundamental liberty interest recognized by this court. More than 75 years ago, in Mryer v. Nebraska, 262 U.S. 390 (1923) ... We held that the "liberty" protected by the due process clause includes the right of parents to "establish a home and bring up children" and to "to control the education of their own."

3.863.    Washington state, departments, government entity failed to protect Abryel's relationship with her children. Due process prohibits removing children from a parent because of religious and personal beliefs or just because one does not want to pay child support or because the respondent's mother wants daughters.

3.864.    Those are violations of Abryel's first amendment rights under the U.S. Constitution.

3.865.    This was a violation of due process, and her rights under the fifth and fourteenth amendments.

3.866.    The court based its decision on mere allegations of the other party and hearsay.

3.867.    Abryel's sixth and seventh amendment rights which entitle her to face her accusers were denied.

3.868.    Washington state, departments, government entity erred by removing custody from abryel and then by denying every motion petitioner filed, including contempt.

3.869.    Washington state, departments, government entity ordered only 2 hours a week, Chiae denying her any contact with the children.

3.870.    Washington state, departments, government entity granted Chiae Wilder all assets and children without a trial.

3.871.    Washington state, departments, government entity continuing orders which are void for unconstitutional vagueness and second by removing custody without procedural jurisdiction.

3.872.    No crime by abryel has been proven in court.

3.873.    Due process was denied to abryel, which is a manifest abuse of discretion. Justice and U.S. law mandate that the current custody and parenting plan be set aside.

3.874.    State law is also being violated in the instant case. U.S.C. 28, section 1738A, WA state Rcw 26.09.187 (3)(a) provides, "the court shall make residential provisions for each child which encourage each parent to maintain a loving, stable, and nurturing relationship with the children .... "
The trial court has done this with another child, whom chiae sent a $600.00 stimulus to a 17-year-old run by cashapp. Placing the children in the hands of someone who is a drug user, history of assaulting the petitioner and children.

48

3.875.     Chiae has refused to allow abryel visitation unless she pays for visits.

3.876.     In rcw 26.09.002: "the child's best interests are best served by a full and regular pattern of contact with both parents." abryel and her children have been denied a full and regular pattern of contact.

3.877.     Chaie refuses to allow phone conversations, no facetime, zero contact.

3.878.     November 2, 2019, chiae and Lakewood police falsified a police report, illegally seized Abryel's phone and placed abryel under arrest.

3.879.     Chiae has history of using the police as a weapon; chiae threatens with filing for child support if abryel brings up filing a contempt.

3.880.     The custody order should likewise be reversed as it is unlawful. This is a violation of the Washington and U.S. constitutions. In addition, charges were dismissed.

3.881.     Abryel is entitled to a jury trial for dependency cases; the pierce county court violated her procedural due process, falsifying that service was made at 8916 veterans drive Lakewood, Washington 98498.

3.882.     Also, the honorable judge Nicole Phelps granted a motion to seal on or about April 11, 2017 in open court. Located on this document that is in the hands of king county court, you will be able to verify the name, date, birth, and address of the person's identity that was used to rip my children away during a lawsuit, many played a part in... a severe corruption.

3.883.     To not be allowed to effective counsel, the court having full knowledge abryel is in fact providing evidence, the branches of U.S. court including the trial court are in violation of due process laws.

3.884.     Plaintiff filed for a hearing with O.A.H.; Chiae shut my phone off and plaintiff missed scheduled for May 29, 2019. Chiae had full knowledge of this hearing, Chiae made sure to turn my cellular phone off.

3.885.     Plaintiff has had multiple mental health evaluations because of her abusers and Washington state being one of her abusers.

3.886.     The Washington state judges still refuse to allow plaintiff to see her children, the court has kidnapped the plaintiff's children.

3.887.     The twins were conceived while plaintiff was married to someone else.

3.888.     The singleton was conceived during marriage with Chiae.

3.889.     The Washington state judges have violated plaintiff and children's rights failing to protect, terminating the protection order off the record.

3.890.     The Washington state judges are forcing plaintiff out of her sanctuary, business, and home to with nowhere to go.

3.891.     The Washington state judges are forcing plaintiffs son, who was a victim while in their care to the streets and he will be missing school.

3.892.     The trial court claiming abryel as mental and all these disabilities but have denied abryel counsel, there is a contradiction here on the court.

3.893.     Parts of the instant case are unconstitutional for vagueness.

3.894.     The trial court continued to adopt a casa and casa attorney's recommendations with full knowledge that the respondent's attorney, the casa, and casa attorney is founded representing the respondent chiae.

3.895.     Ann-Marie Croy had to remove herself because Judge Sutton and she appear in, MATTER OF DEPENDENCY OF EM.

3.896.     Judge Mark Hillman and Mark Gouras had an LLC together.

3.897.     All these judges' practice as attorneys while they are judges and this is an extreme conflict of interest and an unfair way to win cases and jeopardize lives while violating rights.

3.898.     Plaintiff only appeared in front of Judge Thorp one time; the judge told him he could not write "disputed" on the court documents and the dates are matching 2 different hearings, they are altered.

3.899.     Anthony Scott Marlow and abusive litigation; he will file a motion the judges will grant it and he will put in a notice of disappearance violating my right to file a motion to reconsider.

3.900.     The judges have failed to allow plaintiff to respond and allow Anthony Scott Marlow to insult her mental.

3.901.     Anthony Scott Marlow keeps bringing using fife; plaintiff lost trial due to Joshua Brumley who the assigned counsel appointed, he refused to get off of plaintiff's case.

3.902.     Joshua Brumley also refused to give plaintiff back her personal records and documents, stealing them. Fife court refuses to direct the attorney who was removed for a conflict of interest to give the plaintiff back her personal documents.

3.903.      Fife conspired on a trial; neglected to put evidence in and my procedural due process was violated there as well.

3.904.      Fife court charged Plaintiff with a charge that Ashanae Oliver committed; prosecutor had the evidence that proved the innocence of the plaintiff but refused to provide it to the jury. With the help of Joshua Brumley lying about putting evidence in, the plaintiff did not learn until the trial.

3.905.      The prosecutor and police lied in their reports; stated that the plaintiff lived in Fife and did not.

3.906.      There were several other lies that the thumb drive the prosecutor and city had proved the city's officials were not honest.

3.907.      Chiae falsifies a 911 call and beats a child, smokes pot, alienates the children; that plaintiff had prior to marriage, refuses to comply with any court orders… free of consequence.

3.908.      Plaintiff files a lawsuit as her right, suffers consequence and retaliations as she did with 2008 lawsuit against the state.

3.909.      The numerous orders attorney Scott Marlow is filing, including the motion invalidate, is to exhaust money that judge Melinda Johnson Taylor said, "wasn't enough money to go around" attorney Anthony Scott Marlow has been employed since December 2018.

3.910.      Anthony Scott Marlow subpoenaing plaintiff's abuser, the abuser who also beat her oldest sister, her blood brother and son James… her father Donell Wilson.

3.911.      Plaintiff kept asking the judge what kind of trial they are having; Sutton and Marlow agreed on a family law.

3.912.      Plaintiff emailed the two; the bailiff provided legal advice to Royann Perez but refused to answer plaintiff's question.

3.913.      The bailiff and Marlow's paralegal were acting like it was the first time they have heard of a traditional divorce and Informal family law trial.

3.914.      Plaintiff asked the bailiff if a trial can be filed for both. The answer is no because plaintiff had contacted and attorney because of the deceit of the judges.

3.915.      Melinda Johnson-Taylor did not mention that Chiae Wilder and Anthony Scott Marlow did an align. The plaintiff learned of an aligned because Sutton asked Marlow if he wanted time to do one.

51

3.916.     Ambiguity is found because there is no parenting plan, the court also refused to file for a paternity and include Nelious Horsley jr., the trial court would be in violation of procedural due process to not include nelious in the court filings, since the consolidated the cases.

3.917.     Chiae did not ask for supervised visits; the state is the one that demanded the visits, plaintiff provided the court with the proof but they still refuse to allow plaintiff access to her children.

3.918.     The court finds that an abryel who was the primary care provider on the outside of working is unfit.

3.919.     Yet found Chiae who has not ever cooked a meal since plaintiff has known him, Chiae was not capable of taking the trash out or knowing how to recycle.

3.920.     Never picked the hair brush up one time to do the girl hair.

3.921.     Tatyanna who has history of providing false statements and the court, casa, casa attorney has full knowledge of my concerns. Tatyanna also burned Nala with a flat iron on her foot and was not ever allowed to be left alone with the children.

3.922.     A child disclosed Tatyanna had molested them as well and Chiae allowed Tatyanna to take all 3 of the children to the house of a person who molested plaintiffs son and 2 of plaintiff's brothers... this has been reported to CASA, Chiae's attorney and all judges in handling case, they don't care.

3.923.     Washington state court took the children from the mother and gave them to Chiae who did not just have an active criminal charge against one of the children but also an active CPS case.

3.924.     The police report and CPS report have been falsified for the benefit of Chiae Wilder.

3.925.     The children being taken from their mother and given to their grandmother, their grandmother denies the mother any communication or visitation.

3.926.     The federal way school district knows about the abuse and does nothing as well, these are all government entities.

3.927.     Each of these items is unconstitutional on the grounds of vagueness, which again, shows bias. T

3.928.     The court violated Abryel's rights by allowing Chong to act as the children's mother; it is against Abryel's beliefs for another woman to be kissing the children on the mouth, knowing she (Chong) has shingles.

3.929.      Chong also went against Abryel's beliefs and forced the children to get a flu shot for her safety because she feels she is old and her mother is old.

3.930.      Chong taking the kids to go get a flu shot after instructed not to, feeling as if she has the right to do as she please because chiae refuses to correct her or denies abryel the natural right to her children.

3.931.      The court is also responsible for the youngest not being in school as there court order stated. Chiae and his mother have kept the youngest out of school since 2019.

3.932.      Aggressive behavior, the youngest as thrown things at plaintiff, called plaintiff ugly and has thrown similar tantrums like chiae, this is learned behavior.

3.933.      Chong will go to any length to please the children; causing aggression and unpredictable behavior because they have a hard time with not getting what they want.

3.934.      This is the same thing that Chong did and still does with Chiae; he has zero sense in taking responsibility, stimulates from one justifying the behavior.

3.935.      Chong told me "this is Korean tradition, the woman just says sorry, it doesn't matter if she is wrong or not." And this is concerning because of their choice in attorney with same ethnic background, who is unbothered about ruining the relationship of the mother and children for one of their own... this is too familiar to me, as the victim and children.

3.936.      It is against the plaintiffs belief to have anyone other than the parents teach the children about religion, knowing the hypocrisy that is taking place in Chong's place of worship as well as Washington state courthouses... this is unconstitutional Abryel is an ordained minister and has her own educational setting, if the children are not learning from a biological parent or a specialist in the scope, abryel declines, Chong has one child that is 41 and he still depends upon her.

3.937.      The trial court held a standard against abryel which is unlawful.

3.938.      The basic freedoms guaranteed by the U.S. constitution apply to parents who elect to home school their children.

3.939.      The ninth amendment states, "the enumeration in the constitution of certain rights, shall not be construed to deny or disparage others retained by the people."

3.940.      In addition, first, fourth, and ninth amendment guarantees the "right" to educate a child at home.

3.941.      Additionally, a child has a fourteenth amendment right to a hearing before being forced into public education.

53

3.942.      Washington state has ordered the children into this virtual learning, that places the children in the care of Chong while Chaie is on the computer 8 am until the time he goes to sleep, i have witnessed this as well as shared this with the court.

3.943.      The children are being schooled by Chong against Abryel's beliefs; it is unlawful by both U.S. and Washington constitutions.

3.944.      Abryel is denied first and fourteenth amendment rights.

3.945.      To not be allowed to take her children to a homeschool church, to gather in a homeschool meeting, etc. Restricts freedom of religion, freedom of assembly, and freedom of speech, all protected under the U.S. constitution.

3.946.      Restricting Plaintiffs' activities and ability to volunteer and spend her time in her children's school is likewise, unconstitutional.

3.947.      The trial court ordered that abryel have supervised visits but not Chiae Wilder.

3.948.      Abryel is denied any part in the girl's education or over 19 months now.

3.949.      This is unnecessary intrusion and is unconstitutional.

3.950.      The U.S. Supreme court has consistently upheld the liberty of parents to direct the upbringing of their children.

3.951.      This is part of the free exercise of religion.

3.952.      The U.S. supreme court has upheld the right to recognize and prepare children for additional obligations and was also upheld in pierce v. Society of sisters, 268 U.S.. 510 (1925) and again in Wisconsin v. Yoder, 406 U.S.. 205 (1972). Clearly this case should be reversed for many violations of the constitution.

3.953.      The eighth amendment states: "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." abryel has no cases of founded allegations against her but the court can see chiae did but the court, officials, state workers, police, worked together to have it appear as if chiae is who chiae is not. Removing Abryel's children is not a just punishment.

3.954.      This is an abuse of the discretion of the court. Denying a mother, the basic rights of raising her children - Chaie was excused of any crimes committed- violating the children's procedural due process- constitutes cruel and unusual punishment as well as excessive fines. Thus, it is biased and unconstitutional.

54

3.955.      The fifth amendment states, "no person shall be ... Deprived of life, liberty, or property, without due process of law." abryel was not allowed to present a defense, yet she was deprived of her children based solely upon allegations from Tatyanna, who the respondent's attorney refused to subpoena.

3.956.      Siva surya, his signature was different from his name to the court, all persons that are around my children should have a background check and all identification verify including chiae wilder because the letter from Washington dc, as well as his mother Chong or any other person.

3.957.      If there are not able to get verified my children should not be left in the care of them. This is a clear violation of her constitutional rights and federal law.

3.958.      The sixth amendment states, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, ... To be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

3.959.      The trial court had erred i brought to the trial courts attentions that in fact my maternal grandmother is registered with the Indian and northern affairs Canada first nations, Mary Rose Martin band #012301. The Washington law against discrimination (wlad), chapter 49.60 rcw, currently prohibits discrimination in the context of credit, public accommodation, real estate, and — of particular concern for local governments — employment on the basis of race, creed or religion, color, national origin, families with children, sex. The fact that such laws are setup, is proven evidence that the system struggles with fairness.

3.960.      Abryel should not have to register with any tribe to protect her and her children from the branches of the united states judicial. Abryel and her children should have the same rights as Chaie malik wilder, whose birth cannot even be verified as well as his middle name change.

3.961.      Chiae's legal name is said to be Chiae Malik Wilder and I did not learn of this until years after the twins were born; document from Washington DC said that his birth could not be verified.

3.962.      Abryel has seen that the court has shown more compassion for the foreign and keeping the families united as policies promotes. Abryel has face beyond double jeopardy dealing with the king county superior court, the allegations that chiae is announcing publicly, he can do so because abryel informed him of her past with the department of Washington state, chiae paid Steve downing a total of $2000.00 challenged the fees because the corruptness of the downing.

3.963.      The trial court is praising chiae for physically abusing children and women. Thus, constitutional protections are required. But this right was also denied unlawfully to abryel.

3.964.      To satisfy the due process clause of the fifth amendment, individuals are entitled to understand the scope and nature of statutes which might subject them to criminal penalties or in this case, loss of custody. "[a] penal statute must define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and

discriminatory enforcement." in the instant case the court found that abryel done nothing wrong to the children.

3.965.     Refused to speak to Abryel's primary care provider; sent another unknown attorney to steal Abryel's medical records, attorney Blake Harrison. Plaintiff's procedural due process was violated, with the HIPPA rights. Dispersed medical records to a provider that did the evaluations without the petitioner's permission.

3.966.     Knowing that Judge Phelps just sealed stolen records due to corrupt state workers.

3.967.     Washington state coercion plaintiff into signing a form and the court, courthouse social worker and attorneys retrieved records from children that are of zero relation to Chiae.

3.968.     The fathers did not sign nor did the children and the above have been harassing the plaintiff with the records and causing extreme amounts of damage.

3.969.     If the trial court states that petitioner is still in fact married to Nelious, the casa failed their duties because this was one of the things the judge checked when appointing the casa.

3.970.     Under the U.S. constitution Abryel has a right to movement, to assembly, and to raise her children according to her beliefs. Ruling on outings with her children, and on what and how she teaches them outside of school hours is unconstitutional under the fourteenth amendment which according to the U.S. supreme court, " ... Embodies the rights of the first amendment."

3.971.     Plaintiff would like to bring awareness that these are the same judges that helped a drug dealer and pimp reginal Johnson, undermine judge Phelps, was quick to decide on the case so it could not go before her again. The court denied me and these same children a protection order of a man that had me having sex in his vehicle or preforming oral sex just to see my daughter. Wilder, Abryel vs Johnson, Reginal. They used Family Court and their Judges the same way avoiding the 2 black female Judges.

3.972.     The court granted Chiae's late response, grant chiae parentage, allowed protection only to Chaie but denied the mother and children equal rights and protection.

3.973.     Cp 151. This court ruling is an abuse of discretion when belief was not listed as a term for custody changes.

3.974.     Belief has never been held to be actionable in any court and the idea is unconstitutional. This is arbitrary discretion of the court which is too vague to be lawful.

3.975.     The trial court arbitrarily ruled to reserve and later not award maintenance to abryel after initially stating that there was not enough money to go around, yet attorney Anthony Scott Marlow has been hired over two years and is non-stop filing motions and two other unknown attorney's signatures were found and Royann, Marlow's paralegal. This contradicts state law; rcw 26.09.090(1)(a), requiring the court to

consider "[t]he financial resources of the party seeking maintenance, including separate or community property apportioned to [her], and [her] ability to meet [her] needs independently."

3.976.     That the trial court refused to consider the financial needs of Abryel and children underage from prior constitutes an Unlawful settlement.

3.977.     Denying mediation because of history of domestic violence, i have been left out from any decision making. Another law violated in the contested settlement, wash. Super. Ct. Civ. R. 2a, provides that no disputed agreement will be regarded by the court unless it was assented to in open court on the record, or unless the evidence is in writing and subscribed by the attorneys denying the same.

3.978.     Coercion voids a contract, thus the settlement in the instant case.

3.979.     There are numerous substantial issues of public concern in the instant case which call for this court to consider and accept review but Supreme court refuses to waive my filing fee.

3.980.     Public confidence in the judiciary is one glaring concern. Equality and fairness in divorce settlements.

3.981.     Under contract theory is another vast issue.

3.982.     Parole evidence must be viewed in this case to understand the time frame of rulings and to show that abryel was never in agreement to the terms of the divorce settlement, especially any proposed orders written up on the outside of abryel. This was a coerced settlement prompting public concern and confidence in the judiciary.

3.983.     Parole evidence reveals that sua sponte in the middle of testimony, the trial court halted proceedings. A settlement was coerced between the parties from the judge's chambers and off-the-record.

3.984.     The record does however refer to such negotiations. Abryel was denied the right oral argument.

3.985.     In addition, the merry go round of the same motion being filed a day or so apart, bailiff's refusing to respond.

3.986.     The judicial officials are taking advantage of the zoom; you have the right to face your accusers and you cannot do the effectively with deceitful officials and cameras.

3.987.     This is bad faith on the part of the court. It shows bias and abuse of discretion, and certainly, honesty.

3.988.     No opportunity for defense was given.

57

3.989.     This is a violation of the fourteenth amendment, due process, and equal protection clause.

3.990.     Bias is clear when court violates so many laws.

3.991.     Plaintiff is seeking an injunction for various causes of action under 42 U.S Code 1983. Plaintiff did serve the complaint as well as filled an amended complaint. The defendants are aware of the complaint, the plaintiff is going to serve the defendants a second time.

3.992.     The plaintiff hired Steven Downing March 2017 to file a case against the state of Washington; steven downing took the money and failed to fill the case.

3.993.     The Washington state dependency court assigned Abryel Wilder known as April Wilson with a number of assigned counsels, the appointed counsel refused to provide the plaintiff with her legal copies. The state has evidence of this.

3.994.     The plaintiff had hired Thaddeus Martin to handle a sexual harassment case against dshs; Thaddeus was not honest about the dealings and case with the plaintiff, knowing that the plaintiff was heavily medicated when signing the final paperwork. 2010

3.995.     Thaddeus sending a letter after receiving the settlement; that he did not handle dependency cases, he was not ever hired to handle a dependency case but was hired to handle a negligent case against children's youth and family's services. 2009

3.996.     Thaddeus allowed for the state to keep the plaintiff involuntarily committed and heavily medicated. 2010

3.997.     The plaintiff had no idea of the reason why her children had been taken, due to the department and assigned counsel refusing to provide the plaintiff with her copies of the documents. 2010

3.998.     The department placed desiree hosannah on the plaintiff's case. Conflict of interest.

3.999.     The department knew that this attorney had represented reginal Johnson, this attorney had a personal relationship with reginal Johnson and reginal Johnson's family. The department was provided proof.

3.1000.    There was a protection order that was in place, reginal Johnson was in violation of the protection order at the time plaintiff was hospitalized.

3.1001.    Plaintiff was in the States best interest to hospitalize and medicate plaintiff.

58

3.1002.  It was not until 2017 the plaintiff learned that she could obtain copies of her case at the juvenile courthouse located on 6th ave in pierce county.

3.1003.  It was at the 2017 trial heard in front of judge Nicole Phelps that pieces started to unfold.

3.1004.  The plaintiff has a diagnosis is ADHD and  PTSD.

3.1005.  PTSD has been on file since 2000.

3.1006.  The plaintiff's disabilities: she struggles with focus as well as a stigmatism in sight.

3.1007.  cand so much going on; the plaintiff having overlooked the important text printed on the Washington state government document that was issued in state court. It was not until after the trial plaintiff spotted what the state had done.

3.1008.  The state identified plaintiff as April m. Wilson address 1402 east 55th street Tacoma WA 98404, this can be found in sub 21 king county case 16-3-02934-9 Kent, page 47 of 61, Reginal Johnson again submitted this exhibit to the court and the court officials.

3.1009.  The state identified the plaint as April m. Wilson date of birth 02/11/1982 in sub 21 king county case 16-3-02934-9 Kent, page 50 of 61.

3.1010.  The respondent reginal Johnson was given this document to help him obtain custody of child in common a.w. date of birth 07/06/2003.

3.1011.  A.W. has been a runaway since 2019, currently living and having a sexual relationship with an adult Arab man in Arizona state.

3.1012.  Washington state department has participated in Reginal Johnson's harassment since 2003 03-2-03100-9, referral number 1463742.

3.1013.  On or about 11/4/2003, child protection services received a report(s) alleging that you had abused or neglected a child. Unfounded Judy Mitchell.

3.1014.  Washington state has led the plaintiff to believe based off the official's actions that they are biased. 2/26/2007, deputy prosecuting attorney Rebecca a. Fox wrote reginal Johnson a personal letter.

3.1015.  Plaintiff was ordered to pay child support, with the state knowing that a.w. was wrongly removed from the care of her mother.

3.1016.    May 7, 2007, DSHS sends a letter the mission of the children's administration is first to protect abused and neglect children... 14 years later this department has only protected the abuser and neglector. The department put the address 8916 Verterans drive, Lakewood, WA 98498.

3.1017.    May 24, 2011, deputy prosecuting attorney Allen W.H. Tom prepared a personal modification letter for reginal Johnson 04-5-00068-4, 2230181 & 2230182.

3.1018.    Washington State Court moves my case where they feel they should go, this is done to fit the need of the attorneys or opposing party.

3.1019.    There are a number of Judges that have handled my divorce case, the Judges will sign orders and refused to give them to plaintiff.

3.1020.    The state refuses to issue subpoenas on the behave of the plaintiff.

3.1021.    The state refuses to quash subpoenas on the behave of the plaintiff.

3.1022.    The state refuses to honor the subpoenas on the behalf of the plaintiff.

3.1023.    The Judges kicking the plaintiff out of the house are granted Chiae Wilder all of plaintiffs personal belongs including personal and private documents, they are violating plaintiffs amendments and rights.

3.1024.    Plaintiff has antiques and collectibles that have been apart of her family for many years even over 50.

3.1025.    The plaintiff has been grant no things.

3.1026.    The main Agent that is registered with the Secretary of State is C T CORPORATIONS UBI 603 617 466; LOCATED 711 CAPITOL WAY S STE 204, OLYMPIA WA 98501. GOVERNOR TIMOTHY JOST, DONALD TRUMP

3.1027.    D.ONALDJ TRUMP FOR PRESIDENT, INC. DBA DONALD TRUMP FOR PRESIDENT

3.1028.    THE ABOVE BUSINESS AND AGENT HAS OTHER ENTITIES ATTACHED.

3.1029.    WILL PROVIDE ADDITIONAL INFORMATION AT THE TIME OF DISCOBERY.

3.1030.    THE STATE IS REFUSING TO COMPLY WITH THE SUBPOENAS.

3.1031.    Imprisoning my oldest son James Robinson III and failing to convict his abusers.

60

3.1032.    Wrongfully taking Plaintiffs income tax and never returning the money. IRS

3.1033.    Garnishing Plaintiffs paycheck for a non-existing order.

3.1034.    Refusing to obey they order to collect child support for the Plaintiff(s)

3.1035.    Health department failing to call me regarding Chiae Wilder (Privacy cause)

3.1036.    The Judges knowing that Plaintiff and Plaintiffs children have Asthma; Chiae Wilder has life insurance on Plaintiff and Covid 19 is said to be present.

3.1037.    Plaintiff and Plaintiffs children's Asthma are cold enhanced.

3.1038.    Washington State Superior Court is forcing Plaintiff to work with untreated injuries from multiple car accidents and knees injured from Chiae assaulting Plaintiff with vehicle.

3.1039.    Anthony Scott Marlow has been venting about plaintiff filing lawsuit in open court.

3.1040.    Chiae Wilder rarely participates in court.

3.1041.    The Judges intentionally made plaintiff poor, this way it benefits the state... Plaintiff does not have the means and Anthony Scott Marlow reserves all areas on forms. Intentionally conspiring against plaintiff.

3.1042.    Washington state fails to take responsibility for the damages they left the Plaintiff(s) with in past lawsuit.

*Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.

*Claimant reserves the right to amend complaint at any point or at request of court.

### IV.    CLAIMS FOR RELIEF

**Plaintiffs re-allege and incorporates herein the preceding paragraph of this Complaint as set in full. Plaintiffs incorporates all prior assertions in the proximate cause of their injuries.**

**4.2.    42 U.S.C. Sec. 1981, Deprivation of rights under color of law itself provides Plaintiff(s) relief. Outrage:    Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.**

4.3.     (RLUIPA), 42 U.S.C. §§ 2000cc, et seq,
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.4.     First Amendment,
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.5.     Fourteenth Amendment.
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.6.     Fifth Amendment.
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.7.     Eleventh Amendment
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.8.     Title 18, U.S.C., section 241, Conspiracy against rights,
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.9.     Title 18, U.S.C., section 242- Deprivation of rights under color of law,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.10.    Title 18, U.S.C., section 245- Federally protected activities,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.11.    Title 18, U.S.C., section 248- Freedom of access to clinic entrances (face) act,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.12.    Title 42, U.S.C. section 3631- criminal interference with right to fair housing,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.13.    Title 42, U.S.C. section 14141- pattern and practice,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.14.    28 U.S.C., code 509b- section to enforce human rights laws.
         Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.15.    22 U.S.C. 2304-human rights and security assistance,
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

4.16.    9-142.000,

Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.17.   18 U.S.C. 1425,**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.18.   18 U.S.C. 1546,**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.19.   18 U.S.C..§1589. Forced labor.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.20.   3.764.   VIOLENCE AGAINST WOMEN ACT ("VAWA")**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.21.   18 U.S. Code Section 2261- Interstate domestic violence**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.22.   18 U.S. CODE CHAPTER 110A**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.23.   DV 3.015, ORDER OF PROTECTION**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.24.   18 U.S.C. section 201**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.25.   18 U.S.C. section 285**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.25.   18 U.S.C. section 641**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.26.   18 U.S.C. section 798**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.27.   18 U.S.C. section 1001**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.28.   18 U.S.C. section 2071**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.29.    18 U.S.C. section 645**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.30.    28 U.S.C. 955**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.31.    42 U.S. Code § 12203.Prohibition against retaliation and coercion**
**U.S. Code**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.32.    18 U.S. Code, section 1513–retaliating against a witness, victim, or informant.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.33.    Possible 18 U.S.C. section 646 (Chiae Wilder refuses to disclose amount paid Anthony Marlow)**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.34.    Possible 18 U.S.C. section 647 (Chiae Wilder refuses to disclose amount paid Anthony Marlow)**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.35.    18 U.S.C. Code section 666– Theft or bribery concerning programs receiving Federal funds.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.36.    Title 18, U.S.C., section 249– Matthew Shepherd and James Byrd, Jr. Hate crimes prevention act.   Lii U.S. constitution annotated amendment xiv. Rights guaranteed section i  due process of law\***
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.37.    18 U.S. Code § 286, Conspiracy to defraud the U.S. Government.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.38.    18 U.S. Code § 287, False, fictitious or fraudulent claims**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.39.    18 U.S. Code § 371, Conspiracy to defraud the United States**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.40.    18 U.S. Code § 1031, Major fraud against the United States**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.41.    18 U.S. Code § 1951 (a)(b)(2), Interference with comm. by threats or violence**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.42.    18 U.S. Code § 1961(1)(A)(B)(2)(3)(4)(5), Racketeering activity**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.42.    18 U.S. Code § 2382, Misprision of Treason**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.43.    28 U.S. Code § 455, Disqualification of justice, judge or magistrate judge**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.
**4.44.    31 U.S. Code § 3729(a)(1)(A)(B)(E), False claims.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.45.    42 U.S. Code § 658, Title IV-D, Section 458, Social Security Act, Incentive payments to states.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.46.    42 U.S.C.A. section 609(a)(8)(Nov.1996 Supp.)**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.47.    42 U.S.C. section 601 Purpose (b)**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.48.    28 U.S.C. section 144**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.49.    31 U.S. Code 3729**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.50.    42 U.S.C. 658(a) and (f) provides profit for practice of the above**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**4.51.    Plaintiff filed a Tort Claim around June or July 2019, The Plaintiffs have served a General Liability Claim Form against the Defendants case no  3077-0122, Grady assigned to case in a accordance with RCW 4.92.100 and sixty days has passed.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

**The Respondents have failed to reply.**
Plaintiff(s) incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under these causes of action/code.

1   **\*Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.**

2

3   **\*Claimant reserves the right to this section to supplement during discovery if additional federal statutes, federal treaties, or provisions of the united states constitution have been violated/broken/breach.**

4   **\*Claimant reserves the right to amend complaint at any point or at request of court.**

5                         **V.      DAMAGES**

6        5.1      As a direct and proximate result of acts and omissions of the Defendants, and each of them, the Plaintiff(s) suffered severe and permanent emotional distress, mental anguish, mental and emotional shock, all of which have continued into the present and will continue into the future.

7

8                      **VI.      PRAYER FOR RELIEF**

9   WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

10      (1)  For such special damages as shall be established at the time of trial;

11      (2)  For each general damages as shall be established at the time of trial;

12      (3)  For such punitive damages allowable by law; and

13      (4)  For such pro se fees, interest, costs and such other and further relief as shall be allowed by law or deemed just as equitable.

14

15   Dated this 1 day April, 2021.

16      owner Khans (Dog)                parent of N.R.S.W

17      owner of Se                      parent of N.L.S.W.

18      owner of Garden                  parent of C.K.E.H

19      owner of Garden                  parent of ANSW

20      owner of burial site             parent of Y.C.M.W

21      owner of Voodoo carcass          owner of Yahs Knights Dumes Community Dev.

22                                        owner of Y2RAEL, LLC.

23                                        property of 32328 7th ave sw Federal way 98023

24                                        owner of Ulva Carcus

25                                        owner of M.D.E & M.D.E.T.

26   By                                   Yahs Plaintiff Pro Se
     Minister Abryel Michole Meena Wilder

27

28                              66



**UNITED STATES DISTRICT COURT**
Western District of Washington
Office of the Clerk
700 Stewart Street, Suite 2310
Seattle, Washington 98101
(206) 370-8400

**William M. McCool**
District Court Executive
Clerk of Court

**Eric Smits**
Chief Deputy Clerk

# UNITED STATES DISTRICT COURT
## TRANSACTION FORM    RECEIVED (DROP BOX)

**RECEIVED (DROP BOX)**

APR 0 1 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY          WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

Date: 4/1/2021

Your Name: ABRYEL WILDER

Case# (if known): 2:21-cv-00325 RSL

Email Address: nicoline1979@hotmail.com

Phone#: 253 980-7150

Address: *(optional)* _____

## Reason for Transaction:

☐ **Working copies** for court

☐ Documents to open a **NEW** case

☒ Documents for a **PENDING** case

☐ **Payment** for restitution, filing fees, etc.
  **\*\*The court accepts money orders; personal checks and cashier checks, made out to:*
  *"Clerk, U.S. District Court." \*\*NO CASH\*\**

☐ **Other:** _____

_____

_____

_____